**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**James Junior LOWERY, Appellant.**

**Commonwealth of Pennsylvania,
Appellee,**

v.

**James Junior Lowery, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 2001.
Filed Oct. 4, 2001.

Jeffrey C. Marshall, York, for appellant.

Lori A. Yost, Assistant District Attorney, York, for Commonwealth, appellee.

Before: LALLY–GREEN, BECK, and TAMILIA, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, James Junior Lowery, appeals from the judgment of sentence entered on August 23, 2000. We affirm.

¶ 2 The trial court presented the factual history of the case as follows:

On July 10 through July 14, 2000, a jury trial was held before this Court. On July 14, 2000, a jury found [Appellant] guilty of Aggravated Assault (Count I) with regard to one of the victims, Craig Henise, ... On August 23, 2000, [Appellant] was sentenced on the Aggravated Assault to fifty-four (54) months to [one hundred eight (108)] months in a State Correctional Institution. The Court permitted [Appellant] to remain free on present bail if an appeal was filed in this matter.

. . .

[Appellant's] conviction was the result of an incident that occurred on September 3, 1999, at an apartment building located at 60 Walnut street, York Haven, Newberry Township, York County, Pennsylvania. Newberry Township Police responded to this location for an active fight in progress. Upon arrival, police found the victim, Craig Henise, with a large laceration under his left eye. After dispatching an ambulance, police were informed that the victim and a friend, Tyran Ellis, had a verbal argument with [Appellant]. [Appellant] was the manager of the apartment building where his girlfriend resided. During the course of the argument, [Appellant] stated that he was going to call the police and left the area. [Appellant], who did not contact the police, returned to the area wielding a large wooden staff. [Appellant] then began to repeatedly strike both Craig Henise and Tyran Ellis. One of the blows hit Craig Henise in the left eye. Henise was subsequently transported to York hospital and then transferred to Hershey [M]edical Center for treatment, where doctors observed his eye was nearly cut in two. As a result of the attack, part of the retina was damaged. The doctors subsequently removed Henise's left eye to avoid loss of vision to his right eye.

At trial, the Commonwealth witnesses testified that [Appellant] appeared intoxicated. Evidence and testimony established that [Appellant] was in possession of a long wooden pole that he continuously wielded and on occasion struck Mr. Henise and Mr. Ellis. As [Appellant] swung the stick into people and objects,

the pole continuously broke into smaller pieces causing the end of the stick to become sharp with a jagged edge.

Expert testimony from Dr. George Rosen Wasser, opthamologist [sic] and Dr. Charles Latocha, opthamologist [sic], indicated that the injury to the victim's eye could have been caused by the blunt force of a stick similar to the one introduced by the Commonwealth.

The jury returned a verdict of guilty under 18 Pa.C.S.A. § 2701(a)(1) -Aggravated assault causing serious bodily injury. [Appellant] was sentenced by this Court to 54 months to 108 months. This sentence reflects an application of the deadly weapons enhancement pursuant to 204 Pa.Code § 303.10.

Trial Court Opinion at 1–4. This is Appellant's direct appeal.[1]

1. We note the following irregular procedural history as explained by the trial court:

On August 31, 2000, [Appellant] filed a *pro se* Post Conviction Collateral Relief Act petition.... On September 12, 2000, present counsel for [Appellant] was appointed to represent [Appellant]. Thereafter, PCRA counsel filed an amended PCRA petition on [Appellant's] behalf.

On September 21, 2000, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania. On September 25, 2000, [Appellant], through his recently appointed counsel, filed an Amended Post Conviction Collateral Relief Petition. On October 2, 2000, [Appellant] filed a Motion to Remand case to Lower Court for Evidentiary hearing on Claims of Ineffective Assistance of Counsel in the Superior Court of Pennsylvania, Case No. 1721 MDA 2000. On September 26, 2000, the Court issued a Directive to [Appellant] to File a Statement of Matters Complained of Under Rule of Appellate Procedure 1925(b). On October 10, 2000, [Appellant] filed a Statement of Matters complained OF [sic] under Rule of Appellate Procedure 1925(b). On October 11, 2000, the Superior Court of Pennsylvania entered a per Curium Order Dated October 5, 200[0], granting [Appellant's] Motion to Remand Case to Lower Court for Evidentiary Hearing on Claims of Ineffective Assistance of Counsel and release jurisdiction for the lower court to conduct this hearing.

A hearing on the claims of ineffective assistance of counsel was held on October 17, 2000. A second hearing was held in regard to the claims of ineffective assistance of counsel on November 15, 2000 at the request of the Commonwealth. On November 15, 2000, the Court entered an Order directing [Appellant] to submit a brief in support of his claims of ineffective assistance of counsel by November 29, 2000.

The Commonwealth filed its brief on December 8, 2000.

Trial Court Opinion at 2–3.

The following then occurred. On February 2, 2001, the trial court issued an order denying and dismissing Appellant's "Petition for a New Trial on the basis of Claims of Ineffective Assistance of Counsel." On March 2, 2001, Appellant appealed the February 2, 2001 order. Also, on March 2, 2001, Appellant filed a motion with Superior Court to reassume jurisdiction of Appellant's direct appeal. On March 20, 2001, this court reinstated Appellant's direct appeal. The two outstanding appeals were consolidated on May 7, 2001, due to procedural irregularities and the filing of two appeals, as explained above.

Distilling the above, it appears that Appellant first initiated PCRA activities before filing a direct appeal. Following his August 23, 2000 sentence, he filed on August 31 a *pro se* PCRA petition. Appellant then filed an appeal to this Court on September 21, 2000, within the applicable time for filing an appeal under Pa.R.A.P. 903 and nine days after PCRA counsel was appointed but before PCRA counsel filed an amended petition. The September 21, 2000 appeal resulted in a remand for evidentiary hearings on claims of ineffective assistance of counsel. The trial court ruled against Appellant and he appealed again to this Court, an appeal which is a May 7, 2001 consolidation of two appeals.

The first appeal appears, in the context of the record, to have been a direct appeal. When a notice of direct appeal is taken, the trial court is deprived of jurisdiction to rule on any matter then pending before it. *See*, Pa.R.A.P. 902; *Commonwealth v. Blystone*, 421 Pa.Super. 167, 617 A.2d 778, 781 n. 2 (1992) (actions taken by trial court on PCRA matters are void for lack of jurisdiction once notice of direct appeal is filed). Thus, once the appeal was taken on September 21, 2001, the trial court could take no further action on

¶ 3 Appellant presents the following issues for our review:

A. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR NOT CHALLENGING THE CONSTITUTIONALITY OF 42 PA.C.S.A. SECTION 9721; 20[4] PA. CODE 303.10 FOR VIOLATION OF THE DUE PROCESS AND JURY TRIAL CLAUSES OF THE CONSTITUTION OF THE UNITED STATES AS APPLIED THROUGH THE FOURTEENTH AMENDMENT. (APPRENDI V. NEW JERSEY, U.S. SUPREME COURT DECIDED JUNE 26, 2000)

B. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST INSTRUCTION AND A VERDICT SLIP REQUIRING THE JURY TO DETERMINE THE APPLICATION OF THE DEADLY WEAPONS ENHANCEMENT BEYOND A REASONABLE DOUBT.

C. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURT'S DETERMINATION OF THE APPLICATION OF THE DEADLY WEAPONS ENHANCEMENT.

D. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESENT EXPERT TESTIMONY REGARDING THE CAUSE OF INJURY TO THE VICTIM'S EYE.

E. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESENT A MOTION FOR JUDGMENT OF ACQUITTAL BASED UPON THE COMMONWEALTH'S FAILURE TO ESTABLISH THE REQUISITE INTENT/MALICE UNDER 18 PA.C.S.A. SECTION 2702(A)(1). (AGGRAVATED ASSAULT)

F. WHETHER THE TRIAL COURT ERRED IN DECIDING AND APPLYING THE WEAPONS ENHANCEMENT PROVISION OF THE SENTENCING CODE BY A PREPONDERANCE OF THE EVIDENCE, AS OPPOSED TO INSTRUCTING THE JURY TO DETERMINE THE APPLICATION OF THE PROVISION BY THE BEYOND A REASONABLE DOUBT STANDARD.

Appellant's Brief at 5.

¶ 4 Appellant initially raises five claims of trial counsel ineffectiveness. Our standard of review for claims of ineffective assistance of counsel is well-established. Counsel is presumed effective and appellant has the burden of proving otherwise. *Commonwealth v. Carson*, 559 Pa. 460, 741 A.2d 686, 697 (1999). Appellant establishes ineffectiveness of counsel with a demonstration that: (1) the underlying claim is of arguable merit; (2) counsel's action or inaction was not grounded on any reasonable basis designed to effectuate Appellant's interest; and (3) there is a reasonable probability that the act or omission prejudiced Appellant in such a way that the outcome of the proceeding would have been different. *Commonwealth v. Fletcher*, 561 Pa. 266, 750 A.2d 261, 273 (2000). If the issue underlying the charge of ineffectiveness is not of arguable merit, counsel will not be deemed ineffective for failing to pursue a meritless issue. *Commonwealth v. Rollins*, 525 Pa. 335, 580 A.2d 744, 748 (1990). Also, if the prejudice prong of the ineffectiveness standard is not met, "the claim may be dismissed on that basis alone and [there is no] need [to] determine whether the [argu-

any PCRA matter. Rather, the trial court's subsequent action was limited to the remand following the direct appeal. Therefore, we deem this appeal as a proper direct appeal.

able merit] and [client's interests] prongs have been met." *Fletcher*, 750 A.2d at 274.

■ ¶ 5 Appellant first argues that trial counsel was ineffective for failing to challenge the constitutionality of the weapons enhancement found at 42 Pa.C.S.A. § 9721; 204 Pa.Code 303.10 pursuant to the United States Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Appellant claims trial counsel should have argued that the decision in *Apprendi* made it mandatory that before any sentencing enhancement could be applied, the facts supporting the enhancement must be considered by a jury and proven beyond a reasonable doubt.

¶ 6 We first consider whether *Apprendi* controls Appellant's case. In *Apprendi*, the appellant pled guilty to two counts of possession of a firearm for an unlawful purpose and one count of possession of an antipersonnel bomb. *Apprendi*, 530 U.S. at 469–470, 120 S.Ct. 2348. A New Jersey trial judge found, by a preponderance of the evidence, that the crime was racially motivated and that the state's hate crime sentencing enhancement applied. *Id.* at 471, 120 S.Ct. 2348. Appellant was sentenced on one of the firearm possession counts to a 12–year term of imprisonment and to shorter concurrent sentences on the other two counts. *Id.* at 471, 120 S.Ct. 2348. The maximum sentence for the firearms count was ten years. *Id.* at 468, 120 S.Ct. 2348. A divided New Jersey Supreme Court affirmed. *Id.* at 472, 120 S.Ct. 2348. Our Supreme Court reversed, holding that:

> [o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

*Apprendi*, 530 U.S. at 489, 120 S.Ct. 2348 (emphasis added).

¶ 7 To date, no reported Pennsylvania State court has addressed the applicability of *Apprendi*. On the other hand, the Third Circuit Court of Appeals has in *United States v. Williams*, 235 F.3d 858 (3d Cir.2000). Thus, we turn for guidance to *Williams*.

¶ 8 The *Williams* Court addressed the issue of whether *Apprendi* applies when the penalty *actually* imposed is less than the original statutory maximum penalty permitted for the underlying crime. The *Williams'* appellant argued that *Apprendi* was implicated because the trial court's finding of drug quantity increased the prescribed range of penalties and the maximum penalty to which he was exposed, even though his actual penalty did not exceed the original statutory maximum of 20 years. *Id.* at 863.

¶ 9 The *Williams* Court disagreed and ruled that "*Apprendi* is not applicable to [appellant's] sentence, because the sentence actually imposed ... was well under the original statutory maximum of 20 years." *Id.* at 863. The *Williams'* Court utilized a two-step "*Apprendi* inquiry":

> A court must first determine the "prescribed statutory maximum" sentence for the crime of which the defendant was convicted and assess whether the defendant's ultimate sentence exceeded it. If it did, the court must consider the second-order Apprendi question: whether the enhanced sentence was based on "the fact of a prior conviction." If it was, then the sentence is constitutional. If it was not, then the sentence is unconstitutional.

*Williams*, 235 F.3d at 863 n. 4.

¶ 10 Since the two-part inquiry of *Williams* incorporates the mandate of *Apprendi*, we use it here in our analysis of the issue before us. We first inquire

whether Appellant's actual sentence is within the statutory maximum for aggravated assault.[2] The record reflects that Appellant was convicted of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). Such is a felony of the first degree. 18 Pa.C.S.A. § 2702(b). The statutory maximum sentence for a felony of the first degree is 20 years. 18 Pa.C.S.A. § 1103(1). The court sentenced Appellant to a term of imprisonment of 54 to 108 months, which is well within the statutory maximum sentence of 20 years.[3] Accordingly, the protections extended by *Apprendi* are not triggered. *Apprendi; Williams.* Thus, trial counsel cannot be held ineffective for failing to pursue a meritless issue.

¶ 11 Appellant next argues that trial counsel was ineffective for failing to request instructions and a verdict slip requiring the jury to determine the application of the deadly weapon enhancement beyond a reasonable doubt. Appellant relies on *Apprendi;* however, as discussed in the previous issue, *Apprendi* is not applicable to Appellant's case. Thus, a jury was not required to determine the application of the deadly weapon enhancement beyond a reasonable doubt in Appellant's case. A claim to the contrary lacks merit and counsel cannot be ineffective for failing to request such a jury charge and verdict slip. This claim of ineffectiveness fails.

¶ 12 Appellant next argues that trial counsel was ineffective for failing to object when the trial court determined the application of the deadly weapons enhancement because that determination was for the jury to make. Appellant again relies on

*Apprendi,* which we have deemed inapplicable to Appellant's case. Accordingly, trial counsel cannot be held ineffective for failing to object when the trial court, and not the jury, made the determination of the deadly weapon enhancement. This issue fails.

¶ 13 Appellant next argues that trial counsel was ineffective for failing to present expert testimony regarding the cause of injury to the victim's eye. Appellant contends trial counsel should have obtained an independent ophthalmologist to testify that the stick Appellant used to attack the victim could not have caused the injury to the victim's eye. In addressing claims of ineffectiveness for failing to call expert witnesses, we consider the following:

To prevail on a claim for ineffective assistance of counsel for failure to call witnesses, appellant must demonstrate:

(1) that the witnesses existed; (2) that the witnesses were available; (3) that counsel was informed of the existence of the witnesses or should have known of the witnesses' existence; (4) that the witnesses were available and prepared to cooperate and would have testified on Appellant's behalf; and (5) that the absence of the testimony prejudiced the Appellant.

*Commonwealth v. Lawson,* 2000 PA Super 336, 762 A.2d 753, 756 (Pa.Super.2000) citing *Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293 (1999). Our Supreme Court has also made clear that: "[w]hen a defendant claims that some sort of expert testimony should have been introduced at trial, the defen-

---

**2.** Appellant concedes this fact. Appellant's Brief at 15.

**3.** The sentencing enhancement for crimes in which a deadly weapon is used raises the standard minimum range to 54–72 months

imprisonment. 204 Pa.Code § 303.18. The standard minimum range for Appellant's crime is a term of imprisonment of 36–54 months. 204 Pa.Code § 303.16.

dant must articulate what evidence was available and identify the witness who was willing to offer such evidence." *Commonwealth v. Williams*, 537 Pa. 1, 29, 640 A.2d 1251, 1265 (1994) citing *Commonwealth v. Holloway*, 524 Pa. 342, 572 A.2d 687 (1990). This is consistent with our Supreme Court's previous mandate that to justify an evidentiary hearing with respect to assertions of ineffectiveness of trial counsel, it is required that an offer of proof be made that alleges sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective. *Commonwealth v. Durst*, 522 Pa. 2, 5, 559 A.2d 504, 505 (1989). Claims of ineffectiveness of trial counsel cannot be considered in a vacuum. *Id.*

*Commonwealth v. Steward*, 775 A.2d 819, 831–832 (Pa.Super.2001).

¶ 14 Here, Appellant has failed to present the names or allege the existence of any possible expert who was available and would have testified on Appellant's behalf in this matter. Thus, Appellant has failed to demonstrate his claim that trial counsel was ineffective for failing to call an expert witness. *Steward.* This claim lacks merit.

 ¶ 15 Appellant next argues that trial counsel was ineffective for failing to present a motion for judgment of acquittal based upon the Commonwealth's failure to establish the requisite intent or malice necessary for a conviction of aggravated assault under 42 Pa.C.S.A. § 2702(a)(1). Essentially, Appellant claims that there was insufficient evidence to support his conviction and trial counsel was ineffective for failing to pursue the issue.

"The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every ele-

ment of the crime beyond a reasonable doubt." *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 795 (Pa.Super.1996) (citing *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994)). In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Commonwealth v. Cassidy*, 447 Pa.Super. 192, 668 A.2d 1143, 1144 (Pa.Super.1995) (citations omitted). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Valette*, 531 Pa. 384, 388, 613 A.2d 548, 549 (1992) (citations and quotation marks omitted).

*Commonwealth v. Vetrini*, 734 A.2d 404, 406–407 (Pa.Super.1999).

¶ 16 Appellant was convicted of aggravated assault as set forth at 18 Pa.C.S.A. § 2702(a)(1), which provides:

(a) Offense defined.—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifest-

ing extreme indifference to the value of human life;

18 Pa.C.S.A. § 2702(a)(1). Malice is a crucial element necessary to sustain a conviction for aggravated assault. *Commonwealth v. Kling,* 731 A.2d 145 (Pa.Super.1999). "Malice" was explained in *Kling:*

> Malice exists where there is a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." *Commonwealth v. Pigg,* 391 Pa.Super. 418, 571 A.2d 438, 441 (Pa.Super.1990), *appeal denied,* 525 Pa. 644, 581 A.2d 571 (Pa.1990) (quoting *Commonwealth v. Drum,* 58 Pa. 9, 15 (1868)). Where malice is based on a reckless disregard of consequences, it is not sufficient to show mere recklessness; rather, it must be shown the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury. *See Commonwealth v. Scales,* 437 Pa.Super. 14, 648 A.2d 1205, 1207 (Pa.Super.1994), *appeal denied,* 540 Pa. 640, 659 A.2d 559 (Pa.1995) (regarding third degree murder). A defendant must display a conscious disregard for almost certain death or injury such that it is tantamount to an actual desire to injure or kill; at the very least, the conduct must be such that one could reasonably anticipate death or serious bodily injury would likely and logically result. *See [Commonwealth v.] O'Hanlon, supra,* [539 Pa. 478] 653 A.2d [616] at 618 [(1995)]. (regarding aggravated assault).

*Kling,* 731 A.2d at 147–148.

¶ 17 The trial court offered the following analysis of the sufficiency of the evidence issue:

> At trial, the Commonwealth introduced the testimony of several witnesses, including the victim, that the victim and [Appellant] were arguing and that [Appellant] left the area and returned a short time later with a large wooden staff. [Appellant] began wielding the staff in the direction of the victim and another person. The victim was struck several times with the stick, causing the stick to splinter and break. [Appellant] finally struck the victim's eye, causing loss of the eye. Expert witnesses for the Commonwealth testified that the victim's injury could have been caused by being hit with a stick. The evidence introduced by the Commonwealth showed that [Appellant's] conduct exhibited a sustained recklessness sufficient to prove malice. The Commonwealth was not required to prove that [Appellant] intended to injure the victim with the stick. It is sufficient that [Appellant] swung the stick at the victim several times. One could reasonably anticipate that a person could get seriously injured from coming into contact with a stick swung by another person. Further, trial counsel testified at the hearing that he believed the evidence showed sufficient grounds for a jury to find a guilty verdict. N.T., 10/176/00 at 24. Therefore, trial counsel had a reasonable basis for not moving for a judgment of acquittal. This Court holds that trial counsel was not ineffective for failing to present such a motion.

Trial Court Opinion at 15–16.

¶ 18 Our review of the record reflects that the trial court properly determined this issue. Eyewitness testimony and the victim's testimony reveal that on the night in question, Appellant and the victim had an argument. N.T. Volume I, at 82–83, 112, 143–145. Appellant left the area and returned a short time later wielding an eight-foot long wooden pole. *Id.* at 83–84,

113, 145–147. Appellant used the pole like a martial arts tool and swung it, striking the victim and others nearby. *Id.* at 84–85, 113–114, 147–149. The pole broke and splintered as it struck people and objects, but Appellant continued to swing and poke it at people. *Id.* at 86, 114, 148. Appellant eventually swung and struck Appellant in the eye. *Id.* at 115, 151–153.

¶ 19 We agree with the trial court that the act of repeatedly swinging a large stick at a person's head and face and eventually taking out an eye is sufficient evidence that Appellant acted with a reckless disregard of consequences amounting to malice. Thus, Appellant possessed the requisite mental state for a conviction of aggravated assault. Accordingly, trial counsel was not ineffective for failing to challenge the sufficiency of evidence to sustain the aggravated assault conviction. Appellant's contrary argument lacks merit.

¶ 20 Appellant's final argument is that the trial court erred in applying the weapons enhancement provision by a preponderance of the evidence. Appellant asserts that the trial court should have instructed the jury to determine the application of the provision by a standard of beyond a reasonable doubt. Appellant once again revisits his argument that *Apprendi* controls his case. The *Apprendi* decision is distinguishable from the instant case and is not controlling. Thus, this argument fails.

¶ 21 Judgment of sentence affirmed.