J-S73011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALVIN WASHINGTON | : | |
| | : | |
| Appellant | : | No. 638 MDA 2017 |

Appeal from the PCRA Order March 30, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005006-2013

BEFORE:   OLSON, DUBOW and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                       **FILED DECEMBER 21, 2017**

Appellant, Alvin Washington, appeals *pro se* from the March 30, 2017

order dismissing his first petition filed pursuant to the Post-Conviction Relief

Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and procedural history of this case are as

follows.  On September 28, 2013, Appellant struck Lisa Ganns ("Ganns") with

a machete.  Ganns suffered a significant knee injury because of this attack.

On January 6, 2014, the Commonwealth charged Appellant via an amended

criminal information with two counts of attempted murder,[1] two counts of

---

[1] 18 Pa.C.S.A. §§ 901, 2502.

* Retired Senior Judge assigned to the Superior Court

aggravated assault,[2] two counts of simple assault,[3] making terroristic threats,[4] recklessly endangering another person,[5] possessing an instrument of crime,[6] and criminal trespassing.[7]  On January 20, 2015, Appellant pled guilty to one count of aggravated assault and was immediately sentenced to 9 to 20 years' imprisonment.  On direct appeal, this Court affirmed the judgment of sentence.  *Commonwealth v. Washington*, 131 A.3d 107, 2015 WL 6087392 (Pa. Super. 2015) (unpublished memorandum).

On November 12, 2015, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed a petition to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On September 30, 2016, the PCRA court granted counsel's petition to withdraw.  On November 2, 2016, Appellant filed a *pro se* amended PCRA petition.  On March 9, 2017, the PCRA court issued notice of its intent to dismiss the petition.  *See* Pa.R.Crim.P. 907.  On March 24, 2017, Appellant filed a

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4).

[3] 18 Pa.C.S.A. §§ 2701(a)(1), 2701(a)(2).

[4] 18 Pa.C.S.A. § 2706(a)(1).

[5] 18 Pa.C.S.A. § 2705.

[6] 18 Pa.C.S.A. § 907(b).

[7] 18 Pa.C.S.A. § 3503(a)(1)(ii).

response to the Rule 907 notice. On March 30, 2017, the PCRA court dismissed the petition. This timely appeal followed.[8]

Appellant presents four issues for our review:[9]

1. Was the trial court devoid of subject-matter jurisdiction over []Appellant's criminal proceedings due to the Commonwealth's failure to file a valid bill of information?

2. Was [Appellant's] guilty plea knowing[], intelligent[], and voluntar[y ] where trial counsel [failed to advise Appellant of the jurisdictional defect?]

3. [Was trial counsel ineffective for failing to raise a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny?]

4. [Was PCRA counsel ineffective for failing to raise trial counsel's ineffectiveness in these respects?]

Appellant's Brief at 2 (complete capitalization omitted).

When reviewing a trial court's order denying PCRA relief, our standard of review is whether the record supports the trial court's findings and its conclusions are legally correct. *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citation omitted). In his first issue, Appellant argues that the trial court lacked subject-matter jurisdiction over his criminal case.

---

[8] On April 17, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On April 27, 2017, Appellant filed his concise statement. On June 12, 2017, the PCRA court issued its Rule 1925(a) opinion. All of Appellant's issues were included in his concise statement.

[9] Although Appellant only lists two issues in the statement of questions presented section of his brief, one of those issues is actually three issues. For clarity, we list those three issues separately.

According to Appellant, the amended information was fatally flawed because it failed to place him on notice of the conduct for which he was being charged.

In order for a trial court to exercise subject-matter jurisdiction over a criminal case, it must be competent to hear the case and the defendant must be put on notice of the crimes charged. **See Commonwealth v. Jones**, 929 A.2d 205, 210 (Pa. 2007) (citation omitted). In this case, both of those requirements were satisfied. First, the courts of common pleas have statewide jurisdiction to hear criminal cases arising under the Crimes Code. **Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003). Hence, the Court of Common Pleas of Berks County was competent to hear this case as it arose under the Crimes Code.

Second, in order to satisfy the notice requirement, the Commonwealth is only required to "provide a formal and specific accusation of the" charges. **Jones**, 929 A.2d at 212. Failure to include the specific acts constituting an offense is a procedural requirement that does not divest a trial court of subject-matter jurisdiction. **See id.** & n.9. The Commonwealth is only required to specify the criminal charge. **See id.** In this case, the amended criminal information specifically charged Appellant with aggravated assault. Accordingly, the trial court properly exercised subject-matter jurisdiction over Appellant's criminal case.

In his second issue, Appellant argues that trial counsel was ineffective for failing to advise him of the jurisdictional defect. "[T]he Sixth Amendment

to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015) (internal quotation marks and citation omitted). "Counsel is presumed to have been effective." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his [or her] client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." *Commonwealth v. Grove*, 170 A.3d 1127, 1138 (Pa. Super. 2017) (citation omitted). "Failure to satisfy any prong of the test will result in rejection of the [petitioner's] ineffective assistance of counsel claim." *Commonwealth v. Smith*, 167 A.3d 782, 787-788 (Pa. Super. 2017) (citation omitted).

As noted above, in this case the trial court had subject-matter jurisdiction over Appellant's case. Therefore, Appellant's underlying claim lacks arguable merit. Accordingly, Appellant's trial counsel was not ineffective for failing to advise Appellant about the alleged jurisdictional defect of the amended criminal information.

In his third issue, Appellant argues that trial counsel was ineffective for failing to raise an *Apprendi* claim. Specifically, Appellant notes that the trial court applied the deadly weapons enhancement when calculating his advisory sentencing guidelines. He contends that counsel was ineffective for not advising him that he had a right to have a jury determine whether the deadly weapons enhancement was applicable in this case and that counsel's failure to do so constituted ineffective assistance.

This argument fails because this Court has held that *Apprendi* and its progeny do not apply to the deadly weapons enhancement. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014); *Commonwealth v. Lowery*, 784 A.2d 795, 800 (Pa. Super. 2001), *appeal denied*, 796 A.2d 980 (Pa. 2002). Accordingly, Appellant's underlying claim lacks arguable merit and trial counsel was not ineffective for failing to advise him of his *Apprendi* rights.

Finally, Appellant argues that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness with respect to the subject-matter jurisdiction claim and the *Apprendi* claim. As noted above, trial counsel was not ineffective in these respects. Accordingly, PCRA counsel was not ineffective for failing to raise trial counsel's ineffectiveness in these respects.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017