J-S19027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK AIELLO | : | |
| | : | |
| Appellant | : | No. 2117 EDA 2021 |

Appeal from the PCRA Order Entered September 20, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001922-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK AIELLO | : | |
| | : | |
| Appellant | : | No. 2118 EDA 2021 |

Appeal from the PCRA Order Entered September 20, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001923-2015

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED JULY 25, 2022**

Appellant, Frank Aiello, appeals from the order entered on September
20, 2021, which dismissed his petition filed under the Post Conviction Relief
Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The trial court ably summarized the underlying facts of this case:

---

[*] Former Justice specially assigned to the Superior Court.

On November 29, 2014, [C.M. (hereinafter "the Victim")] invited Appellant over her house for Thanksgiving leftovers. Appellant had recently been struggling because he had not seen his kids in a long time. [The Victim] invited him over to see if he was doing alright. After [the Victim] made Appellant a plate of leftovers, she asked Appellant to leave, but he refused. During the argument that followed, Appellant said that he was going to kill himself and [the Victim]. Appellant then began to hit [the Victim] with a closed fist to her head and body. [The Victim] rushed to the bathroom and called the neighbors by cell phone to tell them to call the police. As [the Victim] was in the bathroom, Appellant asked her if she was calling the cops and if she had her cell phone. When [the Victim] came out of the bathroom, Appellant retrieved a butcher's knife from the kitchen. Shortly after, there was a knock on the front door and Appellant told [the Victim] not to answer. When [the Victim] went toward the door, Appellant put the knife up to her chest. Appellant stabbed [the Victim] in the chest, leaving a penetrating wound just above her heart. As a result, [the Victim has] a scar that is approximately [two to two-and-a-half] inches long. At this time, police entered the residence.

[Philadelphia] Police Officer [Philip] Cherry stated that he pulled up to the [the Victim's house] behind Lieutenant [Kevin] Wong. Officer Cherry exited his vehicle and approached [the Victim's] house. As he approached, he could hear a lot of yelling, screaming and some banging. He and Lieutenant Wong knocked on the front door several times trying to gain entry. After the officers made entry into the home, they observed [the Victim] standing just to the left of the front door and Appellant standing on a landing area with a knife in his hand waving it back and forth with the blade facing outward. Officer Cherry then pulled [the Victim] behind him, pulled his firearm and kept Appellant at gunpoint. Officer Cherry gave Appellant several verbal commands to put the knife down but he did not comply. Appellant then stated that if the officers took a step towards him that there are going to be problems and it will not end well. He also stated that if they took a step towards him that he would kill them.

Officer Cherry then asked Officer [Michael] Edwards to deploy his taser to avoid any bloodshed. Officer Edwards deployed

the taser and struck Appellant.  Appellant fell backwards but still clenched [] the knife.  The officers then approached Appellant and as Officer Cherry got close to get the knife out of his hand, Appellant swung the knife downward toward Officer Cherry's right foot.  Fortunately, Officer Cherry was quick enough to jump back to avoid the knife.  Officer Edwards deployed another charge of the taser to keep Appellant from swinging the knife again.  Once he hit Appellant again, the knife flew out of his hand and landed towards the bathroom.  The officers then handcuffed Appellant.  After the incident, [the Victim] was taken to the hospital and as a result of Appellant's assault, sustained a punctured lung.  She remained at Temple Hospital for about [five] days.

Trial Court Opinion, 9/1/17, at 2-4 (citations omitted).

Following a bench trial, Appellant was convicted of attempted murder, aggravated assault, possessing instruments of crime ("PIC"), terroristic threats, and recklessly endangering another person ("REAP") at docket number CP-51-CR-0001922-2015[1] and PIC, terroristic threats, REAP, and aggravated assault at docket number CP-51-CR-0001923-2015.[2]  On July 18, 2016, the trial court sentenced Appellant to serve an aggregate term of 11 to 30 years in prison for his convictions.  *See* N.T. Sentencing, 7/18/16, at 53.  We affirmed Appellant's judgment of sentence on October 25, 2018; Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  *Commonwealth v. Aiello*, 200 A.3d 602 (Pa. Super. 2018) (unpublished memorandum) at 1-8.

_____

[1]  18  Pa.C.S.A.  §§ 901(a),  2702(a),  907(a),  2706(a)(1),  and  2705, respectively.

[2] 18 Pa.C.S.A. §§ 907(a), 2706(a)(1), 2705, and 2702(a)(1), respectively.

On September 30, 2019, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. Within the amended petition, Appellant claimed that trial counsel was ineffective, as counsel: "fail[ed] to properly investigate, subpoena and present available defense evidence and witnesses;" "fail[ed] to appropriately cross-examine Commonwealth witnesses;" and, improperly "conced[ed] an essential element of the crime charged during closing arguments." Amended PCRA Petition, 4/22/21, at 2. Further, Appellant claimed that his "constitutional rights were violated by multiple instances of prosecutorial misconduct, as well as a conviction based on evidence that did not establish his guilt beyond a reasonable doubt." *Id.* (some capitalization omitted).

On August 13, 2021, the PCRA court notified Appellant that it intended to dismiss his petition in 20 days, without a hearing, as the petition was without merit. PCRA Court Notice, 8/13/21, at 1; *see also* Pa.R.Crim.P. 907(1). Appellant did not respond to the PCRA court's Rule 907 notice and, on September 20, 2021, the PCRA court finally dismissed Appellant's petition. PCRA Court Order, 9/20/21, at 1.

Appellant filed a timely notice of appeal. He raises four claims to this Court:

> 1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to properly investigate, subpoena and present available defense evidence and witnesses; failing to appropriately

cross-examine Commonwealth witnesses; and conceding an essential element of the crime charged during closing arguments.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that appellate counsel was ineffective for failing to pursue in the appellate brief the claim of the sentencing court's abuse of discretion, despite raising the issue in the 1925(b) statement.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Appellant's] constitutional rights under the United States and Pennsylvania Constitutions, including multiple instances of prosecutorial misconduct, as well as a conviction based on evidence that did not establish his guilt beyond a reasonable doubt.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief at 9.

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able PCRA court judge, the Honorable Diana L. Anhalt. We conclude that Appellant is not entitled to relief in this case, for the reasons expressed in Judge Anhalt's December 17, 2021 opinion. Therefore, we affirm on the basis of Judge Anhalt's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Anhalt's December 17, 2021 opinion.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2022

# IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
# CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF | : | CP-51-CR-1922-2015 |
| PENNSYLVANIA | : | CP-51-CR-1923-2015 |
| | : | |
| v. | : | |
| | : | |
| FRANK AIELLO | : | 2117 EDA 2021 |

**FILED**

DEC 1 7 2021

Office of Judicial Records
Appeals/Post Trial

**OPINION**

**ANHALT, J.**

Petitioner in the above captioned matter appeals this court's judgment regarding the dismissal of his Post Conviction Relief Act ("PCRA") Petition. The court submits the following Opinion in accordance with he requirement of Pa.R.A.P. 1925(a). For the reasons set forth herein, Petitioner's PCRA Petition should be dismissed.

## PROCEDURAL HISTORY

On November 29, 2014, police arrested and charged Petitioner with Attempt to Commit Murder, Aggravated Assault, Possessing Instruments of Crime ("PIC"), Terroristic Threats with intent to terrorize another and Recklessly Endangering Another Person ("REAP) on docket CP-51-CR-1922-2015[1][2], as well as PIC,

---

[1] 18 Pa.C.S. §§ 901(a), 2702 (a), 907 (a), and 2705, respectively.
[2] Police charged Petitioner with other crimes, however, he was acquitted of these.

1

Terroristic Threats, REAP and Aggravated Assault on docket CP-51-CR-1923-2015[3]. Petitioner was convicted of the aforementioned charges on February 9, 2016 and sentenced to an aggregate term of incarceration of eight to twenty years. Petitioner filed a timely Notice of Appeal to the Superior Court.[4] On October 18, 2018, in an unpublished opinion, the Superior Court affirmed Petitioner's conviction.

Petitioner filed his timely PCRA Petition on September 30, 2019. The court appointed present counsel on October 8, 2019. In his initial PCRA Petition, Petitioner asserted only one claim: that his direct appeal counsel was ineffective for not filing an appeal to the PA Supreme Court despite the fact that Petitioner requested he do so. On December 8, 2020 and January 26, 2021, the court held an evidentiary hearing via video due to the Covid-19 pandemic. Petitioner agreed to have his case heard this way. After the hearing, the court denied the initial PCRA filing, finding no ineffective assistance of counsel.

Subsequently, the court allowed counsel to file an amended PCRA petition, which he did on April 22, 2021. On October 13, 2021, the court dismissed the PCRA Petition. Current counsel filed a Notice of Appeal on October 13, 2021. Petitioner raises the following issues on appeal, copied verbatim:

---

[3] 18 Pa.C.S. §§ 907(a), 2706 (a)(1), 2705 and 2702 (a)(1), respectively.
[4] Commonwealth v. Aiello, 2018 WL 5290707 (Pa. Super. October 25, 2018).

2

1. The PCRA Court erred by dismissing Petitioner's petition for post-conviction relief. Petitioner established by clear and convincing evidence that he was denied effective assistance of trial counsel as guaranteed by the Sixth Amendment of the United States Constitution and the analogous provision of the Pennsylvania Constitution. Petitioner was entitled to relief pursuant to Section 9543(a)(2)9ii) of the PCRA based on trial counsel's ineffectiveness. Trial counsel failed to provide effective assistance by failing to properly investigate, subpoena and present available defense evidence and witnesses; failing to appropriately cross-examine Commonwealth witnesses; and conceding an essential element of the crime charged during closing arguments. Petitioner's claims have arguable merit, counsel's action or omissions were not reasonably designed to advance appellnat's interest, and Petitioner was severely prejudiced by trial counsel's deficiencies.

2. Petitioner was also entitled to relief pursuant to Section 9543(a)(2)(ii) of the PCRA based on appellate ccounsel's ineffectiveness. Appeate counsel raised a claim of the trial court's abuse of discretion at sentencing in the 1925 (b) statement of matters complained of on appeal, yet never pursued the claim in the Appellate brief filed with the Superior Court Additionally, appellate counsel failed to pursue a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, despite Petitioner's specific request.

3. Petitioner was also entitled to relief pursuant to Section 9543(a)(2)(i) of the PCRA based on the violation of his Sixth Amendment Due Process constitutional rights. Petitioner established constitution violations by clear and convincing evidence that established ineffective assistance of counsel, multiple instances of prosecutorial misconduct, as well as a conviction based on evidence that did not establish his guilt beyond a reasonable doubt.

4. The PCRA court erred by dismissing Petitioner's petition for post-conviction relief without an evidentiary hearing. Petitioner was entitled to an evidentiary hearing to prove the validity of his factual and legal claims. An evidentiary hearing was required before the court could decide the merits of Petitioner's claims. Petitioner should have been given every conceivable, legitimate benefit in the disposition of his claim for an evidentiary hearing.

No relief is due.

3

## FACTUAL HISTORY

On November 29, 2014, Ms. Cheryl Mollo invited Petitioner to her house for Thanksgiving leftovers. (Notes of Testimony 2/8/16 at 33). Petitioner had recently been struggling because he hadn't seen his children in some time. *Id.* at 32. Ms. Mollo made Petitioner a plate of food. After she made him the plate of food, she asked Petitioner to leave and he refused. *Id.* at 12. During the argument that followed, Petitioner threatened to kill himself and Ms. Mollo. *Id.* at 12-13. Petitioner began to hit her with a closed fist to her head and her body, numerous times. *Id.* at 13-14. She fled to the bathroom and called a neighbor and asked that person to call the police. *Id.* at 14-15. As she was in the bathroom, Petitioner asked her if she was calling the police and if she had her cell phone with her. *Id.* at 16. After she came out of the bathroom, Petitioner retrieved a butcher knife from the kitchen. *Id.* at 16-17. Shortly thereafter, there was a knock at the front door. Petitioner told Ms. Mollo not to answer. *Id.* at 18. When she walked towards the door, Petitioner put the knife up to her chest. *Id.* at 19. Petitioner stabbed her in her chest, leaving a penetrating wound just above her heart. *Id.* As a result, Ms. Mollo had a scar that is approximately 2 to 2 ½ inches long. *Id.* at 21.

Police were on the other side of the front door. Police Officer Cherry pulled up to the house at 2605 S. 9th Street in Philadelphia with his partner, Lieutenant Wong. (Notes of Testimony, 2/9/16 at 6). He testified that when he exited his car,

4

he could hear a lot of yelling, screaming and banging. *Id.* He knocked on the door several times and attempted to gain entry into the house. *Id.* After they made entry into the home, Officer Cherry observed Ms. Mollo standing just to the left of the front door and Petitioner standing on a landing area close to her with a knife in his hand, waving the knife back and forth with the blade facing outward. *Id.* 6-7. Officer Cherry pulled Ms. Mollo behind him, pulled his firearm out of its holster and held Petitioner at gunpoint. *Id.* Officer Cherry gave Petitioner several commands to ddrop the knife. *Id.* Petitioner did not comply. *Id.* at 8. Petitioner told Officer Cherry that if the officers took a step towards him, there were going to be problems and it will not end well. *Id.* He also stated that if they took a step towards them, he would kill them. *Id.* at 9.

Officer Cherry asked another responding officer to deploy his taser to subdue Petitioner. *Id.* at 8-9. Officer Edwards deployed the taser and struck Petitioner. *Id.* at 10. He fell backwards, still clutching the knife. *Id.* The officers approached Petitioner to try to disarm him, but he swung the knife downward toward Officer Cherry's right foot. *Id.* Fortunately, Officer Cherry was able to avoid the knife attack. *Id.* at 10-11. Officer Edwards deployed another charge of the taser to keep Petitioner from swinging the knife again. *Id.* at 12-13. Once the second taser struck Petitioner, the knife flew out of his hand and officers arrested Petitioner. *Id.* at 13.

Ms. Mollo was taken to the hospital where she was treated for a punctured lung. (N.T. at 22). She was released from Temple University Hospital after being treated there for five days. Id.

## DISCUSSION

Petitioner raises several claims under Section 9543(a)(2)(i) and (ii). Each will be broken down accordingly.

## INEFFECTIVE ASSISTANCE OF COUNSEL

It is well-settled that counsel is presumed to be effective and defendant bears the burden of establishing ineffectiveness. *Commonwealth v. Pierce,* 527 A.2d 973 (Pa. 1987). The standard required to establish a claim of ineffective assistance of counsel is well-established: (1) The issues underlying the claim of ineffectiveness have arguable merit; (2) defense counsel's act or omission was not reasonably designed to advance the interests of the defendant; and (3) there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Id.; See also Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). The Court must reject the ineffectiveness claim if a defendant fails to satisfy any prong of the test. *Commonwealth v. Fulton,* 830 A.2d 567, 572 (Pa. 2003). Courts are not required to analyze the elements in any particular order; instead, if a claim fails under any necessary element the court may proceed to that element first. *Commonwealth v. Lesko,* 15 A.3d 345, 380 (Pa.

6

2011). In determining whether the result of the proceeding would have been different, the Court must use a "reasonable probability" standard. *Commonwealth v. Petras*, 534 A.2d 483 (Pa. Super. 1987), *Strickland v. Washington, supra.*

Under this standard, Petitioner's claims of ineffective counsel provide no basis for relief. Petitioner cannot establish that his claims have merit and that counsel's actions, or lack thereof caused him to suffer prejudice.

1. Trial counsel was not ineffective for failing to properly investigate, subpoena, and present available defense evidence and witnesses.

Claims of ineffectiveness of counsel cannot be considered in a vacuum. Commonwealth v. Lowery, 784 A.2d 795, 801 (Pa. Super. 2001). To be entitled to an evidentiary hearing, a defendant must set forth an offer to prove sufficient facts that a court can conclude that counsel may have been ineffective. Commonwealth v. Priovolos, 715 A.2d 420, 422 (Pa. 1998). Petitioner has failed to meet his burden. He provides no cell phone records nor bank statements/records/photographs to prove the things which he claims they say. Moreover, even if he did produce those records, he cannot demonstrate a probability that the trial results would have been different. Both the complaining witness and the defendant agreed in their testimony that they had a 35 year relationship; Petitioner slept at her house the night before the incident and had stayed there on previous occasions. They both stated that Ms. Mollo went to the

7

bank and withdrew money. Petitioner acknowledges the fact that he used the money she withdrew to buy drugs. (N.T. 2/9/16 at 10-11, 45, 49, 53.) Therefore, nothing in the bank records or phone records could have been used to undermine the victim's testimony regarding Petitioner's behavior on the day in question as they were both essentially consistent with each other.

2. Trial counsel was not ineffective for failing to call defense witnesses.

In his PCRA petition, present counsel alleges that trial counsel was ineffective for failing to call two defense witnesses at trial. He indicates that each witness would have testified to the nature of the relationship between Petitioner and the victim as well as the fact that the victim is "unstable" and a narcotics user.

To establish trial counsel's ineffectiveness for failing to call a witness, a defendant must establish:

> (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for Petitioner at trial; and (5) the absence of the testimony prejudiced Petitioner so as to deny him a fair trial. *Commonwealth v. Petras, 368 Pa. Super. 372, 534 A.2d 483, 485 (1987)*. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness.

*Commonwealth v. O'Bidos*, 849 A.2d, 243, 249 (Pa.Super 2004), *citing*,

*Commonwealth v. Nock*, 606 A.2d 1380 (Pa. Super 1992). Further, counsel's failure to call a witness is not *per se* ineffectiveness because such a decision

generally involves a matter of trial strategy. *Commonwealth v. Auker*, 681 A.2d 1305, 1319 (Pa. 1996).

First, it should be noted the two alleged defense witnesses did not provide any affidavits, statements or any other certifications as required under the PCRA, 42 Pa.C.S.A. §9545(d)(1) and therefore, any purported testimony is inadmissible pursuant to 42 Pa.C.S.A. §9545(d)(3). See also, Commonwealth v. Farmer, 758 A.2d 173, 179 (Pa. Super. 2000) (ineffectiveness claim failed where the defendant failed to include any affidavits from the potential witnesses showing that they would testify).

Moreover, based on the brief description of the testimony that would have been elicited, it would've been cumulative, irrelevant and inadmissible. Trial counsel cannot be deemed ineffective for failing to present such testimony. Petitioner testified that he lived with Ms. Mollo for a length of time prior to these events. (N.T., 2/9/16 p. 44). He also testified that she used drugs with him for a whole year (Id. at 45). That she was "unstable" is not admissible evidence as neither of these purported witnesses are experts to make this determination. Commonwealth v. Harris, 703 A.2d 441, 450 (Pa. 1998) (trial counsel cannot be deemed ineffective for failing to present inadmissible evidence); Commonwealth v. Trimble, 615 A.2d 48, 53 (Pa. Super 1992) (same); Commonwealth v. Griffin, 515 A.2d 1382, 1387-

88 (Pa.Super 1986) (counsel not ineffective for failing to present hearsay testimony).

### 3. Trial counsel was not ineffective for failing to appropriately cross examine Commonwealth witnesses.

In his PCRA petition, Petitioner explains that trial counsel failed to cross examine the complainant about the dates of Petitioner's visits to Ms. Mollo's house. This is belied by the Notes of Testimony from February 8, 2016. Counsel did in fact cross examine Ms. Mollo on the dates of his visits. (N.T. pp. 29, 33). The testimony clearly explains that she invited him for Thanksgiving dinner, November 27, 2014 and he stayed the night that night, until the 28th. She invited him to come over the following day, the 29th and that's when this incident happened. (Id. at 33). There is no contradiction in the testimony. Petitioner corroborated these statements in his own testimony. (N.T., 2/9/16 p. 44-45).

In addition, trial counsel did cross examine other police witnesses. (N.T. 2/9/16, pp. 14-21, pp. 24-30). He fails to state with specificity exactly what inconsistencies he alleges. Trial counsel's performance was not ineffective.

### 4. Trial counsel was not ineffective for conceding an essential element of the crime charged during closing arguments.

Trial counsel was not ineffective for conceding an essential element of the crime charged. Counsel's focus was on trying to avoid the most serious charges filed against the defendant. The evidence in this case was overwhelming and after

10

Petitioner's incredible testimony, counsel attempted to avoid the most serious charges of Attempted Murder. However, the trial court was unpersuaded. The court stated it's reasoning for finding Petitioner guilty by stating the most damning evidence against Petitioner was his own words, "I'm going to kill you" as well as the use of a deadly weapon on a vital part of the body in order to establish the Attempted Murder charge. That, coupled with the overwhelming evidence presented by the Commonwealth including Petitioner being caught with the knife in his hand when the police arrived, his refusal to drop the knife and then attempting to stab Officer Cherry with the same knife clearly supports the fact that the evidence was so overwhelming, counsel's only available defense was to argue the lesser charges. Therefore, counsel's decision to proceed this way has merit and cannot be deemed to have been ineffective. He fails to articulate how the outcome would have been different.

5. <u>Appellate counsel was not ineffective for failing to pursue a claim of the trial court's abuse of discretion at sentencing despite raising that claim in the 1925 (b).</u>

Even if appellate counsel would have briefed this issue to the Superior Court, he would not have been successful for the reasons stated in the trial court's opinion. In the direct appeal claim, Petitioner only complains about the sentence for Terroristic Threats and Possessing an Instrument of Crime, both sentences for

each case ran concurrent to the more serious charges of Attempted Murder and Aggravated Assault. The reasoning is repeated here.

On July 18, 2016, the trial court sentenced Petitioner to 8 years to 20 years on Attempted Murder. The guidelines for this offense based upon Petitioner's Prior Record Score of 3 and the Offense Gravity Score of 13 is 96-114 months, using the Deadly Weapon Enhancement matrix. (See 204 Pa. Code §303.15, §303.18 and §303.3 as well as the Pre-Sentence Report). The court sentenced Petitioner to 8 years, or 96 months for Attempted Murder, the bottom end of the guidelines. The court sentenced appellant to an additional 2 ½ to 5 years on the Possessing and Instrument of Crime and Terroristic Threats to run *concurrent* to the sentence for Attempted Murder for a total sentence of 8-20 years.

For the case involving Officer Cherry, the court sentenced Petitioner to 3 to 10 years for Aggravated Assault and 2 ½ to 5 for Terroristic Threats and Possessing and Instrument of Crime to run *concurrent* to the sentence for Aggravated Assault. The Offense Gravity Score for Aggravated Assault (attempts to cause serious bodily injury) is a 10 and the Prior Record Score is a 3, making the guidelines, 60-72, using the Deadly Weapon Used matrix. (See 204 Pa. Code §303.15, §303.18 and §303.3 as well as the Pre-Sentence Report). The sentence for the Aggravated Assault involving Officer Cherry was significantly lower than the 60 month bottom range of the guidelines.

12

In considering the excessiveness of a sentence, sentencing is within the sound discretion of the trial court and will not be disturbed unless it is outside the statutory limits of manifestly excessive. Commonwealth v. Gee, 575 A.2d 628, 630 (Pa. Super. 1990). Further, the appellate court should give great weight to the sentencing judge's discretion as he or she is in the best position to measure various factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance or indifference. Commonwealth v. Anderson, 552 A.2d 1064, 1072 (Pa. Super. 1988). Additionally, where a presentence report exists, the appellate court will presume the sentencing court wsa aware of any and all relevant information contained in the report and weighed those considerations along with all mitigating factors. Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988). An appellate court must not disturb the lower court's judgment of sentence absent a manifest abuse of discretion. Commonwealth v. Hyland, 875 A.2d 1175, 1184 (Pa. Super. 2005). A sentencing court will not be found to have abused its discretion unless the record discloses that the entencing ourt ignored or misapplied the law or that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. Id. The court may deviate from the guidelines taking into consideration aggravated and mitigating factors. Commonwealth v. Mouzon, 828 A.2d. 1126, 1128 (Pa. Super. 2003).

13

In the present case, the court acknowledged having read the presentence report, the trial notes of testimony as well as defense counsel's motion for extraordinary relief. (N.T. July 18, 2016 p. 3). Having considered these reports, the court acknowledged having read all aggravating and mitigating factors and gave a concurrent sentence for these two offenses. Appellate counsel could not have shown that the court lacked a basis for the sentences given, nor could appellate counsel show the court abused its discretion. Therefore, appellate counsel's failure to pursue this in its brief to the Superior Court was not ineffective assistance of counsel because it was not a meritorious claim. Counsel cannot be ineffective for failing to brief a meritless claim. Commonwealth v. Washington, 927 A. 2d 586, 607-08 (Pa. 2007).

6. Appellate counsel was not ineffective for failing to pursue a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

The PCRA court conducted an evidentiary hearing on this issue on December 8, 2020. At that hearing, appellant counsel testified that Petitioner did not request that he file an Petition for Allowance of Appeal with the Pennsylvania Supreme Court. Counsel provided documentation as to his communication with Petitioner. Petitioner did not testify credibly regarding his communication with appellate counsel. The PCRA court ruled against Petitioner on this issue, finding appellate counsel credible regarding Petitioner's desire to pursue PCRA relief, rather than Supreme Court relief. Therefore, this claim is meritless.

14

7. Petitioner did not establish "multiple instances of prosecutorial misconduct."

Petitioner alleges multiple instances of prosecutorial misconduct. These claims are waived. Petitioner did not raise these issues on direct appeal and they are not framed in the context of Ineffective Assistance of Counsel 42 PA.C.S.A. §9543 (a)(3), 9544 (b).

Even if they were framed in the appropriate context, they still fail. First, Petitioner alleges that the prosecutor crossed off "glass crack" before the word "pipe" in the inventory report prepared by Jefferson Hospital. It appears the author of this report chose the words "glass pipe" instead of "crack pipe" to describe the object. Petitioner provides no proof whatsoever that the Commonwealth made this change, rather than the person authoring the report. Moreover, the fact the witness used drugs was part of the facts of the case. Her drug conviction was passed in pre-trial discovery, her use of drugs was admitted into evidence as there was cocaine in her system at the time she went to the hospital and several references of her drug use were made by Petitioner during his trial. This claim must fail. (N.T. 2/8/16 p. 26, 2/9/16 p. 46, 53, 64, 70)

Petitioner also claims that the prosecutor committed misconduct by entering into evidence a greeting card, authenticated by the witness as being sent to her by Petitioner. Petitioner claims this letter was confiscated by guards at the prison. He points to no evidence of this whatsoever that the prosecutor committed

15

misconduct. The victim testified she received this letter in the mail. (N.T. 2/8/16 p. 27-29)

Petitioner makes more claims regarding the prosecutor manipulating evidence in the medical records regarding old bruises and multiple stab wounds. This claim is completely unsupported. The trial court indicated it believed there was only one stab wound. (N.T. 2/9/16 p. 65).

Finally, Petitioner claims the prosecution committed misconduct by presenting false testimony. Again, this is completely unsupported by the record and Petitioner offers no proof of this claim at all. Mere inconsistencies do not rise to the level of a claim of presentation of false evidence. Commonwealth v. Lynn, 192 A.3d 194, 201 (Pa. Super. 2018). Petitioner sites to nothing that would give rise to the belief that the prosecution purposefully supported false testimony.

8. Petitioner was convicted on sufficient evidence and is not entitled to relief pursuant to Section 9543(a)(2)(i) of the PCRA based on the violation of his Sixth Amendment Due Process constitutional rights.

In this claim, Petitioner argues that the evidence was not sufficient to convict him. Petitioner raised this claim in his direct appeal filed on December 16, 2018. The Superior Court held that the evidence was indeed sufficient to support that conviction. (Commonwealth v. Aiello, 2018 WL 5290707 (Pa. Super. October 25, 2018). Therefore, where a claim has been previously litigated, Petitioner is ineligible for PCRA relief. 42 PA C.S.A.§ (a)(3).

16

## 9. The PCRA court did not err in denying Petitioner an Evidentiary Hearing to prove the validity of his claims.

Petitioner's final claim contends this court erred in denying an evidentiary hearing on the above claims. There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super 2008), *citing Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003). With respect to claims of ineffective assistance of counsel, "such a claim must meet all three prongs of the test for ineffectiveness, if the court can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing." *Jones, supra.*

For the reasons stated above, it is clear from the record in the instant case that none of Petitioner's claims warrant relief. His request for an evidentiary hearing, therefore, was properly denied.

17

## CONCLUSION

After review of the applicable statues, testimony at trial, PCRA hearing and applicable case law, the lower court properly dismissed Petitioner's PCRA Petition. Accordingly, the dismissal should be affirmed.

BY THE COURT,

_Diana L. Anhalt_

_____

**Diana L. Anhalt, J**

**DATE: December 17, 2021**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the below person(s) in the manner indicated below, which services satisfies the requirements of Pa.R.A.P. 122:

Lawrence J. Goode, Esquire          First Class Mail
Philadelphia Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Lawrence J. O'Connor, Jr. Esquire      First Class Mail
2301 Cherry Street, Apt. 6A
Philadelphia, PA 19103

Frank Aiello                         Certified Mail
Inmate #MP8438
SCI Houtzdale
209 Institution Drive,
Houtzdale, PA 16698-1000

Dated: December 17, 2021

Lauren J. Kracht
Law Clerk for the Honorable Diana L. Anhalt

19