J-S16010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID WOODS | : | |
| | : | |
| Appellant | : | No. 1700 EDA 2022 |

Appeal from the PCRA Order Entered May 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000818-2014

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 30, 2023**

Appellant, David Woods, appeals from the May 16, 2022 order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

The relevant factual and procedural history is as follows. On December 16, 2013, Appellant approached then-67-year-old Loretta Marcello ("Victim") from behind, punched her twice in the face, stole her purse, and fled. As a result, Victim suffered a bleeding eye, fractured hand, and a neck injury that required hospitalization. An eyewitness to the attack chased Appellant and observed him get into a silver car. The witness provided a partial license plate number to responding police officers, who relayed a flash description over police radio. A patrol officer learned that the car was registered to a home located approximately one mile from the scene of the attack. The patrol officer arrived at the home, and observed Appellant seated in the driver's seat of the

car counting money. After police obtained a search warrant, they recovered Victim's purse, driver's license, credit cards, and SEPTA card from inside the car.

On August 6, 2015, a jury found Appellant guilty of Robbery and Aggravated Assault.[1] After reviewing a pre-sentence investigative report, the court sentenced Appellant to an aggregate term of twenty to forty years' incarceration. Specifically, the court sentenced Appellant to ten to twenty years' incarceration on each count to be served consecutively, which was the mandatory minimum sentence required by 42 Pa.C.S. § 9714(a)(1) due to Appellant's prior conviction for a crime of violence.

On September 24, 2018, this Court affirmed Appellant's judgments of sentence and our Supreme Court denied review on April 1, 2019. **Commonwealth v. Woods**, 198 A.3d 481 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 205 A.3d 1227 (Pa. 2019).

On September 3, 2019, Appellant filed a timely *pro se* PCRA petition, claiming that the court violated his due process rights and his confrontation clause rights. The trial court appointed William Ciancaglini, Esq., (also referred to as "initial PCRA Counsel") who filed a **Turner**/**Finley**[2] letter and request to withdraw after determining that there were no meritorious issues

---

[1] 18 Pa.C.S. §§ 2702(a) and 3702(a)(1)(ii), respectively.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

to raise on appeal. The PCRA court filed a Pa.R.Crim.P. 907 notice to dismiss the appeal and Appellant failed to respond.

During a status hearing, the court orally dismissed the PCRA petition and allowed Attorney Ciancaglini to withdraw but did not docket and serve a written order dismissing the petition as required by Pa.R.Crim.P. 908(D)(1) and (E). On July 20, 2020, Appellant filed an amended *pro se* PCRA petition.[3] In response, on April 16, 2021, the court reappointed Attorney Ciancaglini who filed a second amended PCRA petition raising claims that 1) Appellant's sentence under the second-strike mandatory minimum was illegal and 2) trial counsel was ineffective for failing to object to the imposition of the mandatory minimum sentence at sentencing.[4]

On April 18, 2022, the PCRA court filed another Rule 907 notice to dismiss Appellant's PCRA petition without a hearing and Appellant failed to

---

[3] By accepting Appellant's July 20, 2020 amended *pro* se PCRA petition, the trial court acknowledged that its failure to comply with Rule 908 and formally dismiss the 2019 petition rendered the 2019 initial PCRA proceeding ongoing.

[4] The certified record does not show that Appellant sought leave of court to file an amended petition pursuant to Pa.R.Crim.P. 905. In general, if an appellant fails to seek leave of court, any claim raised in an unauthorized supplemental petition is waived. *See Commonwealth v. Reid*, 99 A.3d 427, 437 (Pa. 2014). Nevertheless, the PCRA court implicitly permitted Appellant to amend his amended PCRA petition by considering the issues raised therein. *See Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003) (finding that where the PCRA court does not strike an amended PCRA petition filed without leave of court and addresses the issues raised in the amended petition, the PCRA court implicitly permitted amendment pursuant to Rule 905(a)).

respond. On May 16, 2022, the PCRA court dismissed the petition and permitted Attorney Ciancaglini to withdraw from representation.

Appellant filed a *pro se* notice of appeal.[5] Newly appointed PCRA counsel William A. Love, Esq., filed a Pa.R.A.P. 1925(b) statement and the PCRA court filed a responsive opinion.

In his brief to this court, Appellant raises the following issues for our review:

1. Was [initial] PCRA [C]ounsel ineffective for not specifically arguing in his amended PCRA petition that trial counsel was ineffective for failing to file post-sentence motions; the failure of which could not have had a reasonable basis and which failure caused [Appellant]'s prejudice and would have changed the outcome of his conviction?

---

[5] We deem Appellant's *pro se* notice of appeal to be timely filed for the following reasons. The notice of appeal was due June 15, 2022. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). Appellant filed his *pro se* notice of appeal on June 21, 2022, six days late. However, upon review, there are no entries on the trial court docket indicating service of the May 16, 2022 PCRA dismissal order as required by the Rules of Criminal Procedure. Rule 114 states that docket entries "shall contain" the "date of service of the order." Pa.R.Crim.P. 114(C)(2)(c). Further, Rule 907 provides that "[w]hen the [PCRA] petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114." Pa.R.Crim.P. 907(4). This Court has recently held, "[w]here the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." **Commonwealth v. Midgley,** 289 A.3d 1111, 1117 (Pa. Super. 2023). Accordingly, we will treat this *pro se* appeal as timely.

- 4 -

2. Did the trial court err, abuse its discretion, and/or make a mistake of law in dismissing [Appellant's] PCRA claim that it was ineffective assistance of trial counsel to not object at sentencing to the imposition of a second-strike sentence based on an existing conviction from 1985, when this 1985 conviction occurred prior to the enactment of the strikes statute, 42 Pa.C.S. § 9714.

Appellant's Br. at 6-7.

**A.**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." ***Id.*** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no

reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

Notably, "[t]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Holt*, 175 A.3d 1014, 1017-18 (Pa. Super. 2017). "To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.* at 1018.

**B.**

Appellant first avers that, in the second amended PCRA petition, initial PCRA Counsel should have claimed that trial counsel was ineffective for failing to file post-sentence motions. Appellant's Br. at 13. Appellant argues that trial counsel's failure to file post-sentence motions waived Appellant's ability to raise issues relating to the discretionary aspects of his sentence on appeal. *Id.* at 14.

Appellant's assertions—that initial PCRA Counsel was ineffective for failing to raise issues regarding trial counsel's ineffectiveness—presents a layered ineffectiveness claim. "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Where an appellant raises a claim of PCRA counsel ineffectiveness for the first time on appeal, this Court has "the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." *Commonwealth v. Bradley*, 261 A.3d 381,

403 (Pa. 2021). We will remand "where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law[.]" *Id.* at 402 (citation omitted). Additionally, we are mindful of the "general rule" that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Colavita*, 993 A.2d 874, 895 (Pa. 2010), *overruled on other grounds*, *Bradley*, 261 A.3d 381.

"Since post-sentence motions are optional, *see* Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review." *Commonwealth v. Liston*, 977 A.2d 1089, 1094 n.9 (Pa. 2009). Nevertheless, a petitioner still must prove prejudice to obtain relief. *Id.* at 1092.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal; and

(4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.*

Regarding the fourth criteria, "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021), *appeal denied*, 276 A.3d 700 (Pa. 2022) (citation omitted). "Generally speaking, the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal." *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010).

Appellant asserts that "the trial court erred in double-counting [Appellant's] past criminal history" by imposing a consecutive sentence. Appellant's Br. at 15. Appellant argues that the trial court relied on his history of violent crime in imposing consecutive sentences, where the prior history is already accounted for in the sentencing enhancement. *Id.* at 16.

A claim that a court "double-counted" factors already taken into account in the sentencing guidelines may raise a substantial question. *Commonwealth v. Goggins,* 748 A.2d 721, 731 (Pa. Super. 2000). Notably, "[t]rial courts are permitted to use prior conviction history and other factors

already included in the guidelines if[] they are used to supplement other extraneous sentencing information." ***Commonwealth v. Simpson***, 829 A.2d 334, 339 (Pa. Super. 2003).

Instantly, the trial court based its consecutive sentence on several factors including the brutality of the crime, the vulnerability of Victim, the presentence investigative report, the protection of the public, and Appellant's unwillingness to accept responsibility. Trial Ct. Op. at 10-11. Moreover, the PCRA court found that Appellant failed to establish that he was prejudiced by trial counsel's failure to file post-sentence motions raising discretionary aspect of sentencing challenges, because any such claim would fail to garner Appellant relief. The PCRA court opined:

> [Appellant] will not be able to establish that he was prejudiced by his trial counsel's failure to file a post-sentence motion[. A]ny claim relating to this [c]ourt's abuse of discretion regarding discretionary aspects of sentencing will fail. [Appellant] was sentenced to ten to twenty years' incarceration for each count that he was convicted of by jury—[A]ggravated [A]ssault and [R]obbery. The mandatory sentence for [Appellant] was exactly what this [c]ourt provided as his sentence. Ten to twenty years is both the mandatory minimum allowed by the strike law and the maximum sentence that he could be sentenced for on the counts of [A]ggravated [A]ssault and [R]obbery. N.T. Sentencing, 12/17/15, at 20 During sentencing, the trial court noted that in addition to the presentence report, the nature and gravity of [Appellant]'s crimes coupled with his rehabilitative needs, his characteristics, along with the court's need to protect the public, among other things, it considered the cowardly nature of [] Appellant's action on such a vulnerable member of our society. ***Id.*** at 26. During allocution, [] Appellant focused on how being apprehended for a crime he committed has affected his own life, without recognition that what he did affected the victim, and refused to accept responsibility for his actions[.] . . . The court further explained that "I take no pleasure in imposing that

sentence. This [c]ourt's need to protect the public and the nature of this offense was so shocking to this [c]ourt's conscious that the sentence I imposed, I think is appropriate in this case and under the circumstances." *Id.* at 26. As Appellant received the mandatory minimum sentence for crimes he was convicted of, this [c]ourt cannot be found to have abused discretion regarding "discretionary aspects of sentencing."

*Id.* at 9-11.

The PCRA court's opinion is supported by the facts and law of this case. Appellant failed to establish that the underlying claim had merit or that it would likely change the outcome if trial counsel had filed a post-sentence motion challenging the discretionary aspects of his sentence. Accordingly, PCRA counsel cannot be deemed ineffective for failing to raise a claim that trial counsel failed to address the underlying issue. Appellant fails to garner relief on his layered ineffective assistance of counsel claim.

**C.**

Appellant next avers that trial counsel should have objected at sentencing to the imposition of a second-strike sentence based on an existing conviction from 1985, when this 1985 conviction occurred prior to the enactment of Section 9714 of the sentencing code (the "Three Strikes Law"). Appellant's Br. at 16-17. Therefore, Appellant argues, the Three Strikes Law is an unconstitutional *ex post facto* law, and his trial counsel was ineffective for failing to object to its imposition. *Id.*

The "second strike" provision of the Three Strikes Law provides, in relevant part:

Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at any time of the commission of

- 11 -

the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement[.]

42 Pa.C.S. § 9714(a)(1). At the time Appellant was convicted of the instant crime, he had a prior 1985 conviction for Aggravated Assault and Robbery. The sentencing code defines both as "crimes of violence." *Id.* at § 9714(g). Section 9714 further provides that "[a]n offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence[.]" *Id.* at § 9714(a.1). Accordingly, the Three Strikes Law mandated a sentence of 10-20 years' incarceration for both convictions.

This Court has repeatedly rejected Appellant's argument, holding "[t]he imposition of a mandatory minimum sentence pursuant to Section 9714, which counts a conviction that occurred before the enactment of the statute as a strike, is not an unlawful retroactive application of law." *Commonwealth v. Carrera*, 289 A.3d 1127, 1130 n.4 (Pa. Super. 2023) (citation omitted); *Commonwealth v. Ford*, 947 A.2d 1251, 1253-54 (Pa. Super. 2008) (same holding); *Commonwealth v. Smith*, 866 A.2d 1138 (Pa. Super. 2005) (same holding). "Rather, § 9714 applies prospectively only to future offenses and [does] not change the punishment for the predicate offense." *Smith*, 866 A.2d at 1143 (citation omitted).

The PCRA court likewise rejected this argument and concluded that trial counsel could not be deemed ineffective for making a meritless objection. The PCRA court opined:

- 12 -

Appellant was convicted in 1985 for [A]ggravated [A]ssault and [R]obbery – crimes of violence which are listed as applicable offenses in the definition section of the statute. The statute specifically states that it is applicable to anyone, who at the time of the commission of the current offense, has been **previously convicted** of a crime of violence. The statute does not specify that the previous conviction for a crime of violence need have been perpetrated after enactment of the statute—the statute mandates that any conviction for a crime of violence applies. It has already been considered that the previous conviction may have occurred prior to enactment of this statute. [**See Smith**, 866 A.2d at 1142-43] (finding that even if the Court were to deem § 9714 "retroactive" on some level because it takes into account convictions that occurred prior to its enactment, we would find that the legislature surely intended such a result.) Accordingly, Appellant's [trial counsel's] objecting to the imposition of the second-strike statute during sentencing would have been a meritless objection. Appellant cannot show that his attorney's actions in not making an objection contrary to the face of the established law would have prejudiced him as the Court would have overruled the objection.

Trial Ct. Op., filed 9/21/22, at 7. We agree with the PCRA court that the underlying claim lacks arguable merit and, therefore, Appellant failed to plead and prove that trial counsel was ineffective for objecting to the imposition of the Three Strikes Law. According, we discern no abuse of discretion in the PCRA's denying relief without a hearing.[6]

_____

[6] Appellant posits a one-sentence argument that the statute "imposes a disability for crimes that took place prior to the enactment of the statute: thus falling within the definition of retroactivity as that term in currently used within the Commonwealth." Appellant's Br. at 17. Without more, this argument is substantially underdeveloped, and we decline to address it. It is well settled that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or

*(Footnote Continued Next Page)*

**D.**

In conclusion, the PCRA court's decision to deny PCRA relief is supported by the evidence of record and free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2023

---

find certain issues to be waived. **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citations omitted).