J-S44031-22

2023 PA Super 20

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ALFRED C. CARRERA II :
:
Appellant : No. 694 MDA 2022

Appeal from the PCRA Order Entered April 6, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000132-2017

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.: **FILED: FEBRUARY 8, 2023**

Alfred C. Carrera II (Carrera) appeals from the order of the Court of
Common Pleas of Dauphin County (PCRA court) denying his first petition filed
pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.
He argues that the court erred in denying his petition because his sentence
was illegal where it was based on Pennsylvania's Three Strikes Law.[1]  We
affirm and grant counsel's motion for leave to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 9714 of the Sentencing Code, Sentences for Second and Subsequent
Offenses, provides, in pertinent part:

* * *

(2) Where the person had at the time of the commission of
the current offense previously been convicted of two or more such

*(Footnote Continued Next Page)*

We take the relevant factual background and procedural history from the PCRA court's April 4, 2018 memorandum opinion and our independent review of the record.

---

crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.  Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. …

\* \* \*

**(d) Proof at sentencing.**— … The applicability of this section shall be determined at sentencing.  The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender.  If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender.  **The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section.** …

\* \* \*

**(g) Definition.**—As used in this section, the term "crime of violence" means … aggravated indecent assault … robbery … or robbery of a motor vehicle ….

42 Pa.C.S. § 9714(a)(2), (d), (g) (emphasis in original).

**I.**

On November 17, 2016, the Middletown Police Department charged Carrera with one count each of robbery of a motor vehicle, 18 Pa.C.S. § 3702(a), and terroristic threats, 18 Pa.C.S. § 2706(a)(1).[2] The charges stemmed from a November 13, 2016 incident at the Hardee's in Middletown. That night, Doris Louey was driving a 2006 Dodge Durango when she stopped to get food at the restaurant. Ms. Louey was sitting with her keys and wallet on the table in front of her. Carrera and his ex-fiancé, Lisa Dawn Smith (Smith), were at the table behind Ms. Louey. Carrera rushed over, grabbed the keys and wallet and he and Smith ran out of the Hardees and got into Ms. Louey's car, with Carrera in the driver's seat and Smith in the passenger's seat.

Ms. Louey ran after them and grabbed the passenger side door, telling the couple they could not take her car. Carrera yelled at Ms. Louey to get away or he would shoot her. Ms. Louey did not see a gun but saw Carrera motioning toward his side as if reaching for one. He and Smith then sped away.

---

[2] A charge of theft by unlawful taking, 18 Pa.C.S. § 3921(a), was later withdrawn.

Police recovered the damaged Dodge Durango, which Ms. Louey was able to identify. She also identified Carrera and Smith in a photo array from her recollection of what had happened.

At trial, Carrera testified that he and Smith were high on crack on the day of the incident and, before Ms. Louey came into the Hardees, were joking about needing a car. When they saw Ms. Louey, Carrera decided to take her vehicle. He admitted that he "did everything [he was] accused of except for threaten her. That's the only thing I didn't do. Everything else I did." (N.T. Trial, 12/04/17, at 145).

On December 5, 2017, a jury convicted Carrera with one count each of robbery of a motor vehicle and terroristic threats.[3] In his January 16, 2018 sentencing memorandum, Carrera maintained that the Commonwealth informed him prior to trial that the robbery conviction was his third strike. Carrera argued that the robbery conviction should not be considered a third strike because: (1) his 1996 aggravated indecent assault conviction was not included in the Three Strikes legislation until 2000; (2) the Commonwealth waived the personal injury elements from a 2014 robbery conviction; and (3) Carrera was not given notice of his first or second strike and was not sentenced to a second strike.

---

[3] Smith pleaded guilty to charges related to the incident.

On January 31, 2018, the court sentenced Carrera to not less than 25 nor more than 50 years' incarceration on the robbery conviction as a third-time offender pursuant to the Three Strikes Law, and five years' probation on the terroristic threat's conviction. Carrera filed a direct appeal challenging the sufficiency and weight of the evidence and the legality of his sentence due to the court's application of the Three Strikes Law, raising the same arguments as he did in his sentencing memorandum. (***See Commonwealth v. Carrera***, 2018 WL 4844711, unreported memorandum, at *4-*7 (Pa. Super. filed Oct. 5, 2018)). This Court affirmed,[4] and the Pennsylvania Supreme Court denied

---

[4] In pertinent part, this Court found:

> The imposition of a mandatory minimum sentence pursuant to Section 9714, which counts a conviction that occurred before the enactment of the statute as a strike, is not an unlawful retroactive application of law. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa. Super. 2008) (citing ***Commonwealth v. Smith***, 866 A.2d 1138 (Pa. Super. 2005)). Therefore, [Carrera]'s 1996 aggravated-indecent-assault conviction was correctly counted as a strike pursuant to Section 9714, and [Carrera]'s argument to the contrary is meritless.

> \* \* \*

> In 2014, [Carrera] pleaded guilty to and was convicted of committing robbery under 18 Pa.C.S. § 3701(a)(1)(ii), an offense enumerated as a strike under 42 Pa.C.S. § 9714(g). Nothing in the record reveals that the Commonwealth waived an element of the 2014 robbery making it a nonviolent crime; rather, the Commonwealth waived the crime-of-violence prohibition for sentencing purposes and [Carrera]'s ineligibility for State Intermediate Punishment. Accordingly, we conclude that

*(Footnote Continued Next Page)*

further review on April 17, 2019. (**See id.** *appeal denied,* 206 A.3d 1030 (Pa. 2019)).

Carrera filed a timely[5] *pro se* PCRA petition on March 23, 2020, raising eight claims of trial counsel ineffectiveness, including, in pertinent part, counsel's failure to argue in his direct appeal that Pennsylvania's Three Strikes Law violated his Constitutional rights pursuant to **Apprendi v. New Jersey**, 530 U.S. 466 (2000), which held that, with the exception of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 491. Appointed counsel filed an amended petition on January 5, 2021.

The amended petition addressed all the *pro se* ineffectiveness claims, declining to advance most of them further because they lacked merit. (**See** Supplemental Petition Pursuant to the PCRA, 1/05/21, at ¶¶ 57-96). It raised two issues. First, it argued that counsel was ineffective for failing to challenge the weight of the evidence, thus waiving it for appellate review. (**See id.** at

---

[Carrera]'s 2014 robbery conviction counted as a strike under Section 9714.

(**Carrera**, 2018 WL 4844711, at *6).

[5] There is no argument that Carrera's petition was untimely because he filed it within one year of the date his judgment became final. **See** 42 Pa.C.S. § 9545(b)(1), (3).

¶¶ 41-56). Second, it conceded that trial counsel was not ineffective for failing to argue **Apprendi** on appeal because settled Pennsylvania law was stated that the Three Strikes Law was constitutional and **Apprendi** did not apply where a defendant's prior criminal history provided the basis for a sentence higher than that ordinarily applicable. (**See** Supplemental Petition Pursuant to the PCRA, 1/05/21, at ¶ 96); **see also Apprendi**, 530 U.S. at 491.

However, the amended petition argued that Carrera's sentence is now illegal because, since his sentencing, the federal district court decided **Roselli v. Smith**, 2020 WL 6449267, unpublished memorandum, at *1 (E.D. Pa. filed Nov. 2, 2020), which held that the imposition of a sentence under the Three Strikes Law **does** implicate **Apprendi**, comparing it to the federal court's consideration of the Armed Career Criminal Act (ACCA), and, therefore, it was for the jury to determine, beyond a reasonable doubt, whether his prior convictions were crimes of violence. (**See** Supplemental Petition, at ¶¶ 97-99); **see also Roselli**, 2020 WL 6449267, at *4-5. Carrera requested the court vacate his illegal sentence and hold a new sentencing hearing without application of the Three Strikes Law. (**See** Supplemental Petition, at ¶ 100).

On December 29, 2021, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907(1). The court explained, in pertinent part, that **Roselli** is a non-binding district court case and that, "therefore, this court stands by its evaluation of the third strike issue as presented in [Carrera]'s direct appeal and found meritless by

both this court and the Pennsylvania Superior Court." (Memorandum Opinion, 12/19/21, at 6) (unnecessary capitalization omitted). Carrera did not respond to the Rule 907 notice, and the court formally dismissed the petition on April 6, 2022. Carrera timely appealed[6] and complied with the PCRA court's order that he file a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

Carrera raises one issue for our review: "Whether the [PCRA] court erred by denying [his] resentencing based upon the unconstitutionality of Pennsylvania's Three Strikes Law?" (Carrera's Brief, at 4).[7]

**II.**

Carrera argues that the court erred in denying his PCRA petition because the Pennsylvania Three Strikes Law is unconstitutional as applied to him, and because he challenged "the legal and factual basis for [its] imposition,"[8] the

---

[6] In reviewing the denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. *See Commonwealth v. Lopez*, 249 A.3d 993, 998 (Pa. 2021). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010).

[7] To be eligible for PCRA relief, an appellant must prove by a preponderance of the evidence: "That the conviction or sentence resulted from one or more of the following: … the imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii).

[8] We disagree with Carrera's statement that his challenge is one of fact. Whether a 1996 conviction for aggravated indecent assault is properly
*(Footnote Continued Next Page)*

- 8 -

jury should have made the determination about whether his predicate offenses were "crimes of violence" to which it applied. (*See id.* at 10, 12-17). In support of his claim, he relies on *Roselli*, an unpublished federal district court decision.[9] (*See id.*).

To understand Roselli's federal *habeas corpus* case on which Carrera relies, we provide the following limited background.

**A.**

In his direct appeal to this Court, Roselli argued that the Three Strikes Law violates *Alleyne v. United States*, 570 U.S. 99 (2013),[10] and is

_____

included as a predicate offense under the Three Strikes statute where it was not included in the legislation until 2000 is a question of law; as is whether Carrera's 2014 robbery conviction was a strike under the statute where the Commonwealth waived the crime of violence prohibition for sentencing purposes only. *See Commonwealth v. Andrews*, 173 A.3d 1219, 1221 (Pa. Super. 2017) (interpretation of statute "implicates a question of law.").

[9] We agree with the Commonwealth and the PCRA court that Carrera's claim fails because *Roselli*, a trial level federal district court decision, is not binding on this Court. (*See* Commonwealth's Brief, at 11); (PCRA Ct. Op., 12/29/21, at 6); *see also NASDAQ OMX PHLX, Inc. v. PennMont Sec.*, 52 A.3d 296, 303 (Pa. Super. 2012) ("federal court decisions do not control the determinations of the Superior Court. Our law clearly states that, absent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on Pennsylvania state courts[.]"). Carrera is unable to identify any state cases, binding or otherwise, which have applied *Roselli*.

[10] *Alleyne* held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 99 U.S. at 103. "The *Alleyne* decision ... renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard."
*(Footnote Continued Next Page)*

unconstitutional (facially and as-applied) because it "permits an automatic increase of a defendant's sentence beyond the statutory maximum, without notice and without a jury finding beyond a reasonable doubt for its application." *Commonwealth v. Roselli*, 2015 WL 7722264, unpublished memorandum, at *2 (Pa. Super. filed Jan. 13, 2015). He argued that his predicate burglary offenses were only qualifying offenses under the Three Strikes Law if the intruder enters a building or structure while another person is present and if the building or structure is adapted for overnight accommodations. *See* 42 Pa.C.S. § 9714(g). However, we observed that *Alleyne* was inapplicable because it did not overrule the narrow exception for the fact of a prior conviction. After setting forth the language of Section 9714, the Court found that the jury was not required to make this decision for sentencing purposes. We explained:

> [T]he [Three Strikes] law requires that the trial court must make a determination, based upon evidence before it, whether the defendant has previous convictions for crimes of violence as defined by subsection (g). At sentencing in the present case, the Commonwealth offered a certified copy of Roselli's conviction of first-degree felony burglary from 1989 in Delaware County and a copy of the affidavit of probable cause associated with that conviction. The Commonwealth similarly offered a certified copy of Roselli's 1998 first-degree felony burglary conviction from Dauphin County as well as the affidavit of probable cause in that matter. Roselli objected to the affidavits (which were the only documents stating that another person was present in the home at the time Roselli burglarized them) as hearsay. The trial court

---

*Commonwealth v. Valentine*, 101 A.3d 801, 804 n.2 (Pa. Super. 2014) (emphasis added).

overruled Roselli's objection upon its rationalization that it is not bound by the rules of evidence in a sentencing proceeding, and further that the documents presented by the Commonwealth were "self-certifying, reliable documents." We can see no error in that determination.

*Id.* at *6 (record citations omitted). We concluded that Roselli's facial constitutional challenge failed because the Three Strikes statute's directive that the sentencing court and not the jury shall determine whether the mandatory minimum is applicable and does not violate *Alleyne* or the constitution. The Commonwealth established probable cause to support the sentence by offering proof in the form of the convictions and the affidavits of probable cause that showed he had been convicted for crimes of violence enumerated in the statute. We also concluded that his as-applied challenge lacked merit because a jury is not required to find a crime of violence, so its failure to do so in his case was constitutional. *See id.* at *8. We affirmed the trial court and the Pennsylvania Supreme Court denied further review.[11]

_____

[11] Judge Strassburger concurred in the result, stating:

We are dealing with an issue of what the convictions involve, *i.e.*, were the burglary convictions crimes of violence because the buildings were occupied. Certainly an argument can be made that this issue involves a factual question that requires a jury to decide it beyond a reasonable doubt. Unfortunately for Roselli, that argument has been repeatedly rejected by the courts. *See U.S. v. Blair*, 734 F.3d 218, 227-28 (3rd Cir. 2013):

Blair's arguments fail, however, because *Almendarez–Torres* has not been narrowed and remains the law. *Alleyne,* [560 U.S. at 111] n.1. *Descamps* and *Alleyne* do

*(Footnote Continued Next Page)*

- 11 -

**B.**

Roselli then filed a federal writ of *habeas corpus* raising the same issues. He argued that his predicate convictions for burglary were only qualifying offenses under subsection (g) of the Three Strikes law only if the intruder enters a building or structure while another person is present and if the building or structure is adapted for overnight accommodations. He argued that the application of § 9714 in his case is unconstitutional because the jury did not make the finding that he has two prior convictions for crimes of violence. Having rejected his claim that the jury was required to make this finding, this issue fails.

The district court found that the federal "categorical approach" utilized to determine when an out-of-state conviction may serve as a predicate offense

---

nothing to restrict the established exception under *Almendarez–Torres* that allows judges to consider prior convictions. When the pertinent documents show, as they do in this case, that the prior convictions are for separate crimes against separate victims at separate times, *Alleyne* does not somehow muddy the record and convert the separateness issue into a jury question. *Alleyne* was written against the backdrop of *Almendarez–Torres* and existing ACCA jurisprudence. Had the Supreme Court meant to say that all details related to prior convictions are beyond judicial notice, it would have said so plainly, as that would have been a marked departure from existing law.

*Roselli*, 2015 WL 7722264, at *9.

- 12 -

for the ACCA, 18 U.S.C. § 924(e),[12] should be applied to considerations of whether a prior conviction was a "crime of violence" for Third Strike purposes. Pursuant to this approach, "the underlying state's statute's elements must be the same as or narrower than those of the generic offense. According to *Roselli*, in conducting this analysis, the sentencing court must ignore the particular facts of the case and focus solely on whether the elements of the convicted crime sufficiently match the elements of the generic offense.

*Roselli* observed that there is only one circumstance in which a court may depart from the categorical approach and, there, a court may consult "the terms of the charging document, the terms of a plea agreement or transcript of a colloquy between judge and defendant in which the factual basis was confirmed by the defendant, or some comparable judicial record of information." Should any further evidence be required, it should be considered by a jury. Because the sentencing court had to rely on material that was extrinsic to the crime itself, i.e., whether the building was occupied, to which the defendant did not confirm, the district court held that we erred in not upholding the as-applied challenge.

Now back to this appeal.

_____

[12] The ACCA requires imposition of a mandatory minimum 15-year term of imprisonment for recidivists convicted of prohibited possession of a firearm under 18 U.S.C. § 922(g), who have three prior state or federal convictions for violent felonies or serious drug offenses.

**C.**

At the outset, we note that ***Roselli*** is not binding on this Court. It conflicts with our decisions that it is the sentencing court that makes the decision whether a prior crime is a crime of violence for purposes of the statute, and "the court may receive any relevant information for the purposes of determining the proper penalty." ***Commonwealth v. Maroney****,* 193 A.2d 640, 642 (Pa. Super. 1963).

> [T]he Supreme Court explicitly exempted the existence of prior convictions from the mandate of jury consideration when sentencing enhancement is an issue. When considering the propriety of a sentencing enhancement in the wake of ***Apprendi****, supra,* this Court has determined that it is appropriate to employ a multi-part analysis. ***Commonwealth v. Lowery****,* 784 A.2d 795, 799 (Pa. Super. 2001). First, we must ascertain whether the enhanced sentence exceeded the statutory maximum for the crime for which the defendant was convicted. If it did, the next question is whether the enhanced sentence was based upon the fact of a prior conviction. If it was, then the sentence is constitutional. If it was not, then the sentence is unconstitutional. ***Id.*** *(citing **United States v. Williams***, 235 F.3d 858, 863 n. 4 (3d Cir.2000)).

***Commonwealth v. Harris***, 888 A.2d 862, 872 (Pa. Super. 2005).

Moreover, even if ***Roselli*** applied, the facts here are significantly different in that no extrinsic evidence was needed to determine whether Carrera committed three enumerated crimes that made the Third Strike sentencing enhancement applicable. At sentencing, the Commonwealth produced a sealed and certified file from the clerk of courts that evidenced that Carrera pleaded guilty to aggravated indecent assault, 18 Pa.C.S.

§ 3125(1),[13] on February 6, 1996, and a sealed and certified docket that reflected Carrera pled guilty to robbery, 18 Pa.C.S. § 3701(a)(1)(ii),[14] on August 29, 2014. (**See** N.T. Sentencing, 1/31/18, at 3-4). Both exhibits were moved into the record as self-authenticating, and the convictions were for enumerated crimes of violence under the Three Strikes legislation. (**See id.** at 4); 42 Pa.C.S. § 9714(g). No extrinsic evidence such as an affidavit of probable cause was used in determining whether any of the crimes were qualifying crimes in applying the enhancement.

As this Court explained in his direct appeal, the sentencing court properly found that his 1996 conviction for aggravated indecent assault was a first strike despite it not being included in the Three Strikes Law until 2000, and the Commonwealth did not waive the personal injury element of his 2014 robbery; therefore, it was a second strike. (**See Carrera**, 2018 WL 4844711, at *6). Carrera's reliance on **Roselli** is neither legally binding nor persuasive. Moreover, even if **Roselli** was either, the application of the enhancement was constitutional. Unlike in that case, Carrera's sentencing as a third-strike

---

[13] 18 Pa.C.S. § 3125(1) provides, in pertinent part, that "a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:  **(1)**  the person does so without the complainant's consent[.] …"

[14] 18 Pa.C.S. § 3701(a)(1)(ii)(1) provides that "A person is guilty of robbery if, in the course of committing theft, he:  … (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury[.] …".

offender was based on his prior convictions, without the use of any extrinsic evidence such as a probable cause affidavit, making the enhancement constitutional even if **Roselli** was applicable.

Accordingly, because Carrera's sentencing as a third-strike offender was based on the fact of his prior convictions, which were offenses enumerated in the Three Strikes Law, the enhancement was constitutional. **See Harris**, 888 A.2d at 872. For all these reasons, we affirm the order of the PCRA court dismissing his petition. The motion for leave to withdraw of Amanda A. Batz, Esq. is granted and the trial court is directed to appoint new counsel for any further appellate proceedings.

Order affirmed. Motion for leave to withdraw is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2023