J-S14040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID NELSON SPERAW | : | |
| | : | |
| Appellant | : | No. 1381 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 29, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006823-2018

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:       **FILED: MAY 21, 2024**

David Nelson Speraw (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of driving under the influence of alcohol or controlled substance (DUI)—general impairment,[1] and accidents involving damage to attended vehicle or property (AID);[2] the trial court separately convicted him of three summary offenses.[3] As the trial court concedes it imposed an illegal sentence on Appellant's AID conviction, we

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] *Id.* § 3743(a).

[3] *Id.* §§ 1543(b)(1) (driving while operating privilege is suspended or revoked), 3744(a) (duty to give information and render aid), 3745(a) (accidents involving damage to unattended vehicle or property). We hereinafter collectively refer to these offenses as "the summary convictions."

vacate his judgment of sentence, in part, and remand for resentencing. In all other respects, we affirm.

The trial court detailed the underlying facts in its opinion:

> Martina Gustin testified that on August 21, 2018, she was stopped at a traffic light at the intersection of Progress Ave[nue] and Union Deposit Road [in Susquehanna Township], returning to work at about 12:45 p.m. N.T., 5/23-24/23, p. 40-41…. Ms. Gustin looked in her rear-view mirror and saw a white car driving fast and zig-zagging in and out of lanes. *Id.* at 42. She was hit by the car[, a white 2006 Mercury Montego (the car),] from behind; however, the car continued to travel and [struck] other cars before it hit a curb and ultimately hit a porch of a residence. *Id.* at 43. Ms. Gustin pulled over by where the car had come to [] rest after hitting the porch and saw a man get out of the car. *Id.* She explained that the man was hopping on one foot and had a [medical] boot on the other foot; he appeared to be injured. *Id.* Ms. Gustin did not see anyone else get out of the car. *Id.* at 46. During cross-examination, Ms. Gustin acknowledged that [in] her testimony at [Appellant's] preliminary hearing, she stated that she did not see the man get out of the car following the crash, but assumed the man she saw had been driving the car. *Id.* at 48. Ms. Gustin saw the man as he was leaving the scene and going towards an alley[,] where he ultimately disappeared. *Id.* at 50.

> * * *

> Sheila Jones testified that she [was inside her house at the time of the collision,] heard a crash and felt her house shake. *Id.* at 21. She saw that a car had smashed into her neighbor's house. *Id.* She called out to a man "hobbling" down the alley. *Id.* She took pictures of the man[,] who was wearing a T-shirt that said "David" on it. *Id.* at 22. Further, [Susquehanna Township Police] Officer Clee Til[]man [(Officer Tilman)] testified that shortly after the crash[, he immediately responded to the scene and] encountered a man matching the [police broadcast] description of the person involved in the crash. *Id.* at 72. This occurred about two blocks from the crash site. *Id.* at 74.

Trial Court Opinion, 12/1/23, at 4-5 (citations and formatting modified).

Officer Tilman testified Appellant "ran" towards him upon noticing his patrol vehicle. N.T., 5/23-24/23, at 74. Officer Tilman stated that Appellant,

[u]pon running up to me, [] looked right and left, came directly to my position, [and] I exited my patrol car. Then he immediately put his hands behind his back and I asked why he was putting his hands behind his back. He said because he recently got into an accident and ran on foot.

*Id.* at 75. Officer Tilman further testified that Appellant, prior to running away, verbally identified himself by stating his first and last name. *Id.*

The following exchange occurred upon the prosecutor's questioning of Officer Tilman:

Q. [The Commonwealth:] Did you observe any indications that [Appellant] was under the influence?

A. [Officer Tilman:] I did.

Q. What, if anything, did you observe?

A. That [Appellant] was sweating profusely. While he was sweating I could smell the alcohol coming off of his person. I could also see bloodshot and glassy eyes….

*Id.* at 75-76. The direct examination of Officer Tilman continued:

Q. Based on your observations and everything that you just laid out for us, did you believe that [Appellant] was under the influence?

A. I do.

Q. What do you believe he was under the influence of?

A. Alcohol.

*Id.* at 76. Officer Tilman explained that he did not ask Appellant to perform field sobriety tests, "due to the fact that he stated that he was injured from the accident itself." *Id.*

Finally, Officer Tilman testified that he requested that Appellant submit to a blood test, and advised him of his rights and the Penn-DOT DL-26 implied consent chemical testing warnings form. *Id.* at 77. Appellant refused to consent to a blood draw. *Id.* at 76-77.

Appellant briefly testified as the sole defense witness. Appellant denied being the operator of the car. N.T., 5/23-24/23, at 93-94. Appellant's counsel questioned him on direct examination as follows:

> Q. [Defense Counsel:] Now, I want to bring your attention to the actual day of the incident. There's some testimony that you were seen limping away from the car accident. Why exactly was it that you were limping that day?
>
> A. [Appellant:] I had a torn [anterior cruciate ligament].
>
> Q. And were you on any kind of medications for that injury?
>
> A. Yes.
>
> Q. Why –
>
> A. I just had surgery. So I was medicated.
>
> Q. So it would have been unsafe at that point for you to be driving?
>
> A. Yes.
>
> Q. After being in the accident why did you run away from the accident?

A. Well, I was sleeping at the time and I don't even really recall what happened. I just -- my fight or flight kicked in and I saw my friend take off and … I just took off.

*Id.*[4]

On cross-examination, Appellant conceded he (1) was inside the car at the time of the collision; (2) had previously purchased the car for his daughter; and (3) was depicted on surveillance video taken near the scene of the collision. *Id.* at 95-98.

At the close of a bifurcated trial, the jury found Appellant guilty of DUI and AID, and the trial court found him guilty of the summary convictions. The trial court deferred sentencing for the preparation of a pre-sentence investigation report.

On August 29, 2023, the trial court sentenced Appellant[5] to one to three years in prison for his DUI conviction.[6] With respect to Appellant's AID conviction, the trial sentenced him to 6 to 24 months in prison, to run concurrently with the sentence imposed for DUI. The court imposed no further penalty for Appellant's summary convictions.

---

[4] Appellant never identified the driver of the car, or the "friend" whom Appellant referenced in his testimony.

[5] The trial court also ordered Appellant to pay fines and costs on his (1) DUI conviction of $1,500; and (2) summary convictions of $1,050. The court also ordered Appellant to pay approximately $4,000 in restitution.

[6] At sentencing, the Commonwealth observed that Appellant's DUI conviction constituted his third DUI offense in ten years, and his fourth lifetime DUI. N.T., 8/29/23, at 3.

On September 8, 2023, Appellant timely filed a post-sentence motion (PSM), through his public defender counsel. Appellant challenged the verdicts as being against the weight of the evidence.[7] *See* PSM, 9/8/23, ¶¶ 4-9. Appellant claimed the verdicts were predicated "on evidence so unreliable and contradictory that it shocks conscious [*sic*] that [Appellant] was the driver." *Id.* ¶ 6. According to Appellant, Gustin, "the main witness who stated [Appellant] was the driver[,] was so contradictory and hyperbolic that to credit her testimony shocks the conscious [*sic*]." *Id.* ¶ 9; *see also id.* ¶ 8(d) ("During trial, Ms. Gustin stated she knew that [Appellant] was the striking driver[,] when she had [previously] stated she had never seen him prior to the initial [preliminary] hearing.").

The trial court denied Appellant's PSM on September 11, 2023, without holding a hearing. This timely appeal followed.[8] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

---

[7] We note Appellant's weight challenge appeared under the heading, "Motion for Judgment of Acquittal." PSM, 9/8/23, at 3 (capitalization modified); *but see also id.* at 5 (stating that Appellant seeks the relief of, *inter alia*, "a new trial"). *Compare* Pa.R.Crim.P. 607(A) (providing the remedy for a challenge to the weight of the evidence is a new trial) *with* Pa.R.Crim.P. 606 (providing the remedy for a challenge to the sufficiency of the evidence is a judgment of acquittal).

[8] Appellant also filed a motion for bail pending appeal, which the trial court denied on October 11, 2023.

A. Whether the trial court erroneously sentenced [Appellant] to two years of [prison] for an offense graded as a misdemeanor of the third degree?

B. Whether the trial court committed an abuse of discretion in denying [Appellant's] weight of the evidence challenge when a significant detail regarding identity was presented?

Appellant's Brief at 6.

Appellant first argues the trial court imposed an unlawful sentence for his conviction of AID. *Id.* at 13-14. The trial court concedes its error in this regard. *See* Trial Court Opinion, 12/1/23, at 2-3 (discussed *infra*). The Commonwealth agrees. *See* Commonwealth Brief at 4 ("The Commonwealth concedes that the sentence of two years exceeds the statutory maximum for a third[-]degree misdemeanor.").

Our standard of review is well settled: "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Carrera***, 289 A.3d 1127, 1131 n.6 (Pa. Super. 2023) (citation omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Hughes***, 986 A.2d 159, 160 (Pa. Super. 2009) (citation omitted).

Instantly, Appellant argues the trial court imposed an illegal sentence on his AID conviction, graded as a third-degree misdemeanor, where the court imposed "a maximum penalty of **24 months**, which exceeds the statutory limit of the offense." Appellant's Brief at 14 (emphasis added). Appellant

correctly cites 75 Pa.C.S.A. § 3743(b), the penalties provision of the AID statute, which provides as follows: "Any person violating this section commits a misdemeanor of the third degree, punishable by a fine of $2,500 or imprisonment **for not more than one year**, or both." *Id.* (emphasis added); Appellant's Brief at 14. Appellant also cites 18 Pa.C.S.A. § 1104(3) (governing sentences for misdemeanor offenses); it provides,

> A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and **shall be not more than**:
>
> * * *
>
> **One year** in the case of a misdemeanor of the third degree.

*Id.* (emphasis added); Appellant's Brief at 14.

The trial court concedes in its opinion that it imposed an illegal sentence on Appellant's AID conviction, citing section 3743(b), *supra*. Trial Court Opinion, 12/1/23, at 2. The court stated,

> Appellant is correct that the sentence imposed was illegal and, therefore, [the trial court] request[s] that the [Superior] Court vacate the judg[]ment of sentence solely on that basis, and remand for resentencing.

*Id.* at 2-3.

Based on the foregoing, it is undisputed Appellant's sentence is illegal. *Hughes*, 986 A.2d at 160. Upon review, we agree. We therefore vacate Appellant's judgment of sentence for AID and remand for resentencing; we leave Appellant's DUI sentence intact. *See Commonwealth v. Ali*, 197 A.3d 742, 759 (Pa. Super. 2018) ("[A] vacated sentence is a legal nullity. …

[W]here the appellate [court's] disposition[] upset[s] the trial court's original sentencing scheme, remanding for a new sentencing proceeding is appropriate.").

We next address Appellant's second issue, where he claims the trial court abused its discretion in denying without a hearing his PSM and weight of the evidence claim. *See* Appellant's Brief at 14-19. Appellant "points to the only identifying witness, [] Gustin, as being inherently unreliable given her testimony, **how** she testified, and her embellishment." *Id.* at 17 (emphasis in original). According to Appellant,

> Ms. Gustin editorialized during trial, did not remember her prior testimony and ultimately acknowledged her identification was based solely on assumptions.

*Id.* at 18 (citing N.T. 5/23-24/23, at 44, 48-49).

> Appellant further argues

> [t]he case shows that [he] was involved in the crash, but his specific involvement is unknown. Thus, any determination, on this record, that he was the driver is spurious.

*Id.* at 19.

The Commonwealth counters the trial court properly exercised its discretion in rejecting Appellant's weight challenge. *See* Commonwealth Brief at 4-5. The Commonwealth states, "although there was a putative discrepancy with [Gustin's] preliminary hearing testimony, [] the jury was within its province to resolve" any conflicts. *Id.* at 4. Further, "police encountered Appellant near the scene and matching the description [of the

driver of the car], and he admitted to being in the accident." ***Id.*** at 5 (capitalization modified).

"Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Watkins***, ___ A.3d ___, 800 MDA 2023 (Pa. Super. April 19, 2024) (citation omitted). "[A] weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." ***Commonwealth v. Landis***, 277 A.3d 1172, 1183 (Pa. Super. 2022) (citation omitted).

Our Supreme Court has emphasized that,

[b]ecause the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination of whether the verdict is against the weight of the evidence. **One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence** and that a new trial should be granted in the interest of justice.

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (emphasis added; citations omitted); ***see also Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (stating the "weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses." (citation omitted)).

- 10 -

Instantly, in its opinion, the trial court concluded it properly exercised its discretion in denying Appellant's PSM and weight claim, where "the record overwhelmingly supports the jury's determination" of his guilt. Trial Court Opinion, 12/1/23, at 5. The court elaborated, with respect to Appellant's challenge to the credibility of Gustin:

> During cross-examination, Ms. Gustin acknowledged that during her testimony at a preliminary hearing, she stated that she did not see the man get out of the car following the crash, but assumed the man she saw had been driving the car. [N.T., 5/23-24/23,] at 48. Ms. Gustin saw the man as he was leaving the scene and going towards an alley[,] where he ultimately disappeared. *Id.* at 50.
>
> When questioned about the testimony she gave during the preliminary hearing in this matter, Ms. Gustin explained that she did not remember her testimony. *Id.* at 48. Further, when asked whether reviewing her testimony would refresh her recollection, she answered that it did not. *Id.* at 49. Ms. Gustin explained that she assumed that the man she saw leaving the scene was the man who had been operating the vehicle. In any event, where evidence is conflicting, the issue of credibility of witnesses and a resolution of the conflict is a matter solely of the trier of fact. ***Commonwealth v. Russell***, 665 A.2d 1239, 1247 ([Pa. Super.] 1995). Here, it is clear that **the jury accepted Ms. Gustin's conclusion that the man she saw leaving the scene, who was identified as Appellant, had been the operator of the vehicle. Additionally, the other evidence presented at trial indicating that Appellant was the driver of the vehicle corroborated Ms. Gustin's testimony[,] and was also accepted by the jury**.

Trial Court Opinion, 12/1/23, at 4-5 (emphasis added); ***see also id.*** (detailing the above-described testimonies of Officer Tilman and Jones).

Upon review of the record and Appellant's arguments, we discern no abuse of the trial court's discretion in rejecting Appellant's weight claim. ***See***

*id.* It was within the fact-finder's purview to assess the credibility of the witnesses, and to "believe all, none, or some of the evidence…." *Talbert*, 129 A.3d at 545. We decline Appellant's invitation to act as fact-finder, reweigh the evidence, and disturb credibility findings based on a cold record. *See Commonwealth v. Sanchez*, 262 A.3d 1283, 1288-89 (Pa. Super. 2021) ("[I]t is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record." (citations omitted)).

Judgment of sentence vacated in part; case remanded for resentencing as to Appellant's AID conviction. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/21/2024

- 12 -