J-S04041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1916 EDA 2023 |

Appeal from the PCRA Order Entered June 27, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010939-2013

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 18, 2025**

Derrick Williams appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S. §§ 9541-9546. On appeal, Williams contends that the court sentenced him to an illegal sentence after a jury convicted him of aggravated assault. **See** 18 Pa.C.S. § 2702. Williams claims that, although the court sentenced him as a third-strike offender, **see** 42 Pa.C.S. § 9714(a)(2) ("Third-Strike Statute"), there was no proof that he committed the requisite second-strike offense insofar as he was never sentenced to a mandatory minimum sentence as a second-strike offender. After a thorough review of the record, we conclude that, at his sentencing, Williams had been previously convicted of "two . . . crimes of violence[,]" **id**. within the meaning of the Third-Strike Statute, rendering his present sentence, as a third-strike mandatory minimum sentence, legal.

_____

* Retired Senior Judge assigned to the Superior Court.

Accordingly, in rejecting his sole argument on appeal, we affirm the dismissal of his PCRA petition.

A prior panel of this Court summarized the underlying facts of this case as follows:

> On August 10, 2013, at Williams'[] home, he and his romantic partner, K.A., drank alcohol, smoked crack cocaine[,] and engaged in consensual sex, after which Williams became physically violent, slapping K.A. and slamming her into a door. K.A. subsequently went downstairs, pretending to need a glass of water, but, in truth, hoping to escape without provoking Williams' ire. After discovering that Williams kept his front door locked from the inside, K.A began screaming, hoping someone would call the police. In response, Williams forced K.A. into a chair and proceeded to choke her until she lost consciousness. Williams then nudged K.A. When she moved, he reacted by stating, "I thought you was dead." N.T. Trial, 8/11/16, at 71. After being assured she would be left alone, K.A. headed upstairs and pretended to sleep. When Williams fell asleep, K.A. searched for the key to the front door and found it hidden behind the television. K.A. left the house in her nightgown and jeans, heading for the nearby First District Police Station. Officer Jeffrey McGarvey spoke with her, later. describing K.A. as distraught, with visible bruising on her neck and arms. He escorted her to the Special Victims' Unit, which documented and photographed her injuries.

*Commonwealth v. Williams*, 2019 WL 1119898 at *1 (Pa. Super., filed March 8, 2019) (unpublished memorandum) (220 EDA 2018). Correspondingly, a jury found Williams guilty of aggravated assault. At sentencing, "the Commonwealth entered evidence of Williams' prior conviction for robbery and of his prior guilty plea to burglary as a felony of the first degree." *Id*. (noting, in two footnotes, these two convictions' docket numbers: CP-51-CR-0705841-1996 and CP-51-CR-0805631-1993, respectively). The resultant effect was that the court found these two offenses to be "crimes of

violence, requiring a minimum sentence of twenty-five years of incarceration." *Id*. In his direct appeal, this Court, *inter alia*, determined that Williams' first-degree burglary conviction was a predicate offense under the Third-Strike Statute. ***See id***. at *3.[1]

After we affirmed his judgment of sentence, Williams filed a petition for allowance of appeal, which our Supreme Court denied on September 3, 2019. ***Commonwealth v. Williams***, 217 A.3d 789 (Pa. 2019) (table) (166 EAL 2019). Williams did not seek *certiorari* in the United States Supreme Court, rendering his judgment of sentence final ninety days later, on December 2, 2020, when the time for filing a writ of *certiorari* expired. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Williams timely filed the instant PCRA petition on December 2, 2020, which the PCRA court ultimately dismissed as meritless.[2] Williams timely filed this appeal from the dismissal and

_____

[1] We concluded that although he had been convicted and sentenced under a previous version of the burglary statute, which, at that juncture and for first-degree purposes, only required proof that *either* Williams entered a building that was adapted for overnight accommodation or that an individual was present at the time of Williams' entry, because Williams had been convicted of first-degree burglary "in tandem with [there being] prior testimony indicating Williams entered a structure adapted or overnight accommodation[] and did so while the structure was occupied[,]" ***Williams***, 2019 WL 1119898 at *4, he perpetrated a crime of violence pursuant to ***Commonwealth v. Guilford***. 861 A.2d 365, 374-75 (Pa. Super. 2004) (holding that burglary is crime of violence under Section 9714(g) of Third-Strike Statute when sentencing court determines that defendant entered building adapted for overnight accommodation while individual present).

[2] Although Williams appeals from a dismissal order issued on June 27, 2023, we note that the PCRA court filed two prior dismissal orders on February 22, *(Footnote Continued Next Page)*

satisfactorily complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Williams presents one issue for review:

Did the court impose an illegal sentence of twenty-five to fifty years of incarceration for aggravated assault when it erroneously treated this conviction as a third strike even though he was never sentenced as a second-strike offender?

***See*** Appellant's Brief, at 4.

In reviewing the denial of PCRA relief, we are "limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Jordan***, 182 A.3d

_____

2022, and July 18, 2022. As to the February order, because Williams attempted to amend his PCRA petition, "the Commonwealth requested the court vacate its dismissal order so that it may respond to [Williams'] additional claim on PCRA[,]" which thereafter resulted in the court vacating its dismissal on March 11, 2022. PCRA Court Opinion, 3/26/24, at 1-2 (unpaginated). However, because Williams had also appealed from the February order, this Court determined the March 11, 2022 order was a nullity, as it was filed while his appeal was pending. We thereafter vacated the February dismissal order and remanded for "further proceedings." Order, 7/19/22. However, the record does not provide the rationale for the PCRA court's additional July 18, 2022 dismissal order. ***See*** Order Dismissing PCRA Petition, 7/18/22 (dismissing "the Petition for PCRA" filed "by the _____" without any additional elaboration). We are able to determine that the PCRA court, on August 26, 2022, vacated its previous dismissal order, seemingly the one issued in February, and formally ordered the Commonwealth to respond to the additional issue Williams raised under the PCRA. However, that order is not in the certified record. Notwithstanding these procedural irregularities and an incomplete record, the PCRA court, the Commonwealth, and Williams all treat Williams' appeal from the June 27, 2023 order as an appeal from the dismissal of his first timely PCRA petition. We do the same, especially where our appellate review is not hampered by the omissions in the certified record. ***See Commonwealth v. Harvard***, 64 A.3d 690, 697 n.2 (Pa. Super. 2013) (this Court may disregard omission from certified record where it does not hamper appellate review).

1046, 1049 (Pa. Super. 2018). Insofar as Williams' claim requires this Court to engage in statutory interpretation, our standard of review is well-settled:

> Statutory interpretation is a question of law, therefore our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Hall***, [] 80 A.3d 1204, 1211 ([Pa.] 2013). "In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq*., which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." ***Commonwealth v. McCoy***, [] 962 A.2d 1160, 1166 ([Pa.] 2009) (citation omitted).
>
> Generally, a statute's plain language provides the best indication of legislative intent. ***Id***. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. ***Hall***, 80 A.3d at 1211.

***Commonwealth v. Torres–Kuilan***, 156 A.3d 1229, 1231 (Pa. Super. 2017) (quoting ***Commonwealth v. Popielarcheck***, 151 A.3d 1088, 1091–92 (Pa. Super. 2016)).

Williams argues that he was never "sentenced as a second-strike offender," and therefore cannot yet be sentenced as a third-strike offender, forming the basis of his illegal sentencing claim. Appellant's Brief, at 9. In support of his contention, Williams submits that ***Commonwealth v. Shiffler***, 879 A.2d 185 (Pa. 2005), is controlling. Therein, our Supreme Court determined that the Three-Strikes Statute "reflects 'a recidivist philosophy' and should be construed to allow for heightened punishment for repeat offenders only where their convictions for crimes of violence, and

corresponding terms of incarceration, are sequential and each separated by an intervening opportunity for reform." *Id*. at 186.[3]

Here, Williams avers that, although he was convicted of robbery in 1996, he was not sentenced as a second-strike offender for that crime, which would have, at that juncture, necessitated the imposition of "a minimum sentence of at least ten years of total confinement[.]"42 Pa.C.S. § 9714(a)(1); *see* Appellant's Brief, at 11. Instead, Williams notes that he "received a sentence of eight to sixteen years' incarceration[.]" Appellant's Brief, at 11. Williams claims *Shiffler* applies here because the Three-Strikes Statute encompasses a "recidivist philosophy," and his illegal sentence deprived him of at least one of "'two opportunities to conform himself' that arose from application of a 'strike' under the Three[-]Strikes [Statute]." *Id*. We disagree.

Under the relevant Three-Strikes Statute provision, the one the court utilized in crafting Williams' instant sentence, "[w]here the person had at the time of the commission of the current offense previously been convicted of

_____

[3] The primary thrust of *Shiffler* is that a finding, or acceptance, of guilt at multiple "strike" offenses is treated under the Three-Strikes Statute as one prior offense when a defendant commits those crimes before having been convicted and sentenced at any of those offenses. *See* 879 A.2d at 194; *see also Commonwealth v. Ford*, 947 A.2d 1251, 1255 (Pa. Super. 2008) (finding applicability of Three-Strikes Statute appropriate where defendant "was sentenced for crimes of violence on [multiple] occasions prior to the instant offense[] and given intervening opportunities to reform[]"). In essence, as it applies to his case, Williams argues that he cannot be sentenced to a second and third strike in the same transaction under *Shiffler*. Here, as there were multiple years between each of Williams' crimes, convictions, and imposition of sentences, *Shiffler* is inapplicable.

two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement[.]" 42 Pa.C.S. § 9714(a)(2). Robbery is a "crime of violence" under the Three-Strikes Statute. *Id*. § 9714(g). Similarly, this Court, as illuminated *supra*, determined that Williams' burglary conviction is also a crime of violence under that same subsection. *See Williams*, 2019 WL 1119898 at *3. Moreover, at the sentencing hearing, the court received information that Williams' 1996 robbery conviction involved him breaking "into an 81-year-old man's house[,] threaten[ing] him with a firearm, and [stealing] his car." Sentencing Hearing, 3/27/17, at 14-15. The robbery conviction was a "felony of the first degree[.]" *Id*. at 11.

After our review, we note that Williams has not presented any authority to establish that because he did not receive "a minimum sentence of at least ten years of total confinement[,]" 42 Pa.C.S. § 9714(a)(1), for his robbery conviction, it cannot serve as a second strike within the meaning of the Three-Strikes Statute. Conversely, notwithstanding any sentence that he received prior, the Statute's plain text calls for the imposition "of at least 25 years of total confinement" when an individual has "previously been *convicted* of two or more … crimes of violence arising from separate criminal transactions[.]" *Id*. § 9714(a)(2) (emphasis added); *see also Torres–Kuilan*, *supra* (stating that we will only look beyond the plain language of the statute when words are unclear or ambiguous). *See, e.g., Commonwealth v. Carrera*, 289 A.3d 1127, 1135 (Pa. Super. 2023) (noting that earlier direct review memorandum

in Carrera's case properly found that prior 1996 conviction was first strike despite it not being included in Three-Strikes Statute until 2000).

We conclude that, under the plain text of the statute, Williams was convicted of two previous and wholly separate crimes of violence in 1996 and 1993. **See Torres–Kuilan**, **supra**; 42 Pa.C.S. § 9714(g). Upon being found guilty of aggravated assault in the present matter, due to his prior qualifying offenses, Williams was properly subject to the Three-Strike Statute. **See** 42 Pa.C.S. § 9714(a)(2), (g). Accordingly, the PCRA court's determination that Williams was not entitled to relief was appropriate, and we affirm its order dismissing his petition. **See Jordan**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025